U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED- LAFAYETTE

APR 11 2012

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

4: TWENTY MEDIA INC.,      CASE ACTION NO. 6:12-CV-00031-RFD-CMH
Plaintiff,      USDC, Western District of Louisiana

v.

John Doe, I.P Address #: 76.105.85.150

04/07/12

MOTION TO QUASH
This motion is structured entirely on a preceding motion written by Richard N. Koehler II Ohio Bar No. 0031407. My information replaced other defendant's information where applicable:

Pursuant to Fed. R. Civ. P. 45(c)(3)(A), John Doe, I.P Address #:76.105.85.150 files this Motion to Quash Subpoena served upon Custodian of Records, Comcast Cable Communications LLC because the subpoena requires disclosure of protected information and subjects John Doe, I.P Address #:76.105.85.150 to undue burden.

Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link John Doe, I.P Address #:76.105.85.150 to alleged infringing activity.

John Doe, I.P Address #:76.105.85.150 is a resident of the City of Clarkston, Georgia Comcast Cable Communications is an internet service provider (ISP) that provides internet service to its customers, including John Doe, I.P Address #:76.105.85.150 Plaintiff, 4: Twenty Media Inc., on information and belief, is a producer of adult entertainment films and content. Plaintiff served a subpoena on Custodian of Records, Comcast Cable Communications LLC, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of John Doe, I.P Address #:76.105.85.150, so John Doe, I.P Address #:76.105.85.150 can be named as a defendant in Plaintiff's copyright infringement action.

John Doe, I.P Address #: 76.105.85.150 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which John Doe, I.P Address #: 76.105.85.150 has personal and proprietary interests. John Doe, I.P Address #:76.105.85.150 also has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Western District of Louisiana thus lacks personal jurisdiction over any of the DOEs at this point. The Western District of Louisiana also

lacks personal jurisdiction over John Doe, I.P Address #: 76.105.85.150

Plaintiff filed an ex parte application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Comcast Cable Com. LLC, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its Complaint.

*The 4: Twenty Media Inc.'s complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence - indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers...The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order]. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid whereby The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Comcast Cable Communications LLC to turn over the requested information, John DOE I.P Address# 76.105.85.150 would suffer a reputational injury.*

*If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as John DOE I.P Address# 76.105.85.150 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Moreover, this case presents the same extortion risk that so concerned Judge Baker:*
*"Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."*

*Id. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.*

*Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. VPR Internationale Order, at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information has some small amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No. 605 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to John DOE I.P Address#76.105.85.150 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Id. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to John DOE I.P Address# 76.105.85.150 if allowed to proceed. Good cause exists to quash the subpoena served on* Comcast Cable Com. LLC *to compel the disclosure of the name, address, telephone number and e-mail address of John DOE I.P Address# 76.105.85.150"*

I P Adle
1172 Denison Dr.
Clarkston, GA 30021

United States District Court
Western District of Louisiana
800 Lafayette St. Suite 2100
Lafayette, LA 70501
Clerk of Court

FIRST CLASS



1000
70501



U.S. POSTAGE
PAID
CLARKSTON, GA
30021
APR 09, 12
AMOUNT
$1.10
0009423-09