

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 4: Twenty Media Inc. , | CASE No. 6:12-cv-00031 |
| Plaintiff, | |
| vs. | MOTION TO QUASH OR MODIFY SUBPOENA |
| DOES 1-1,341, | |
| Defendants. | |
| Doe 985 (IP 69.181.47.127) / | |

## MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my ISP regarding a subpoena of discovery based upon my IP address. I would like request that the court quash this motion due to the fact that the plaintiff has used an imprope joinder in an attempt to sue 1,341 John's at once. This motion has been structured on a preceding motion written in a California court in a case involving Steele Hansmeier (Formerly Steele Law Firm, LLC) (CASE No. C-11-01738 MEJ) and my information has replaced the other defendant's when applicable.

### INTRODUCTION

To reduce costs while suing as many individuals as possible the plaintiff is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. This lawsuit intends to join 1,341 individuals into a single lawsuit based on the premise that all these individual allegedly partook in a single act of copyright infringement. It has been upheld in other courts that this is an inherently erroneous idea based solely on Bittorrent protocol. A swarm is not a static group and any one can leave/join and therefore individuals within a swarm

can have no link or interaction with each other at all which in turn means this is not one copyright infringement as implied by this group lawsuit brought against 1,341 John's. In a lawsuit very similar to this one an Illinois court determined that this sort of joinder was inappropriate because it was not a single act by a group of individuals.

*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255*

*dismissal*:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap -- if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

## ARGUMENT

### 1) Plaintiff Has Improperly Joined 1,341 Individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiff's joinder of 1,341 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.
> *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against

them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met: (1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP

and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since

2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" all Does , from the case.

*See* Fed. R. Civ. P. 21.

Dated: 2/20/2012                                                         Respectfully submitted,

*John Doe 985 (IP 69.181.47.127)*
*Pro se*

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

## CERTIFICATE OF SERVICE

I hereby certify that on 2/20/2012, I served a copy of the foregoing document, via US Mail to the following individuals:

Clerk of Court
800 Lafayette St.
Suite 2100
Layfayette, La 70501

Paul Lesko
Simmons Browder
One Court Street
Alton, IL 62002