UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 4:TWENTY MEDIA INC., ) | CIVIL ACTION |
| ) | No. 6:12-CV-00031 |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | JUDGE DOHERTY |
| ) | |
| ) | MAGISTRATE JUDGE HILL |
| ) | |
| JOHN DOE - 71.101.4.72, ET AL. ) | |
| ) | |

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH OR, IN THE ALTERNATIVE, MOTION TO DISMISS AND/OR SEVER**

COMES NOW Movant, an individual John Doe - 71.101.4.72 purportedly implicated by one of the Internet Protocol addresses attached to Plaintiff's Complaint, and respectfully submits this Memorandum in Support of its Motion to Quash the subpoena issued by Plaintiff and delivered to Movant through Movant's Internet Service Provider, Verizon, pursuant to Fed. R. Civ. P. 45(c)(3). The subpoena being contested was issued pursuant to the Court's January 24, 2012 Order Granting Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. No. 6) and a copy of the subpoena is attached hereto as Exhibit A.

**I. INTRODUCTION AND SUMMARY OF ARGUMENT**

Movant has been purportedly identified by an Internet Protocol (hereinafter "I.P.") address. This particular I.P. address is listed in Exhibit #A to Plaintiff's Complaint. For the

reasons stated herein, Movant asks this Honorable Court to quash the portion of the subpoena directed at Movant's I.P. address and/or dismiss and sever Movant from this case because the Plaintiff has failed to meet its burden of establishing personal jurisdiction over Movant and Movant is improperly joined.

## II. FACTUAL BACKGROUND & ARGUMENT

A. This Motion To Quash Is Timely Filed As To Movant.

Movant received a letter from Verizon, dated March 31, 2012, a redacted version of which is attached hereto as Exhibit B. The letter identified what Verizon believes to be Movant's I.P. address and attached a subpoena requiring Verizon to disclose Movant's name, address and other identifying information. Verizon advised Movant that he had thirty days from March 31, 2012 to object to the production of Movant's personal information. This Motion to Quash is therefore timely filed.

B. Because This Court Lacks Personal Jurisdiction Over Movant, The Subpoena For The Records Of Movant Should Be Quashed.

Movant asks this Honorable Court to quash the subpoena because Movant is not a resident of the state of Louisiana and lacks any continuing contacts with this forum, let alone the regular and consistent contacts required to confer jurisdiction pursuant to Louisiana's long arm statute, La. R.S. 13:3201. Movant lacks even the "minimum contacts" necessary to confer personal jurisdiction as set forth by the U.S. Supreme Court in *International Shoe Co. v. State of Washington*, 326 U.S. 316, 316 (1945) and its progeny.

It is well-settled that a plaintiff can only establish personal jurisdiction in this Court over non-resident defendants by complying with Louisiana's long-arm statute, La. R.S. 13:3201, and satisfying the "constitutional notions of due process." *de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 105 (La. 1991)*. If there is a basis for personal jurisdiction under the Louisiana long-arm statute, then the court will next consider "whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment." *Id*. (quotation marks and citations omitted). Only by satisfying both the state long-arm statute and the constitutional requirements "may the court exercise personal jurisdiction over a non-resident defendant." *Id*.

*1. Louisiana's Long-Arm Statute*

The plaintiff bears the burden of establishing jurisdiction over a non-resident defendant. *See Tsaoussidis v. State Farm Mut. Auto. Ins. Co., 28 So.3d 311, 314 (La. App. 5 Cir. 2009)*. Louisiana's long-arm statute provides for both specific and general jurisdiction. General jurisdiction arises "…on any basis consistent with the constitution of this state and of the Constitution of the United States." La. R.S. 13:3201(B) S*ee Id.* ("Under "the express terms of [La. R.S. 13:3201(B)], the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements."). There are two parts to the due process test: the "minimum contacts" part and the "traditional notions of fair play and substantial justice" part. *A & L Energy, Inc. v. Pegasus Group,* 00–3255 (La.6/29/01), 791 So.2d 1266, 1270–71, *cert. denied, Pegasus Group v. A & L Energy, Inc.,* 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed.2d 426 (2001).

The "minimum contacts" test can be satisfied by a single act or actions by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). The defendant's "purposeful availment" must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *Ruckstuhl v. Owens Corning Fiberglas Corporation,* 98–1126 (La.4/13/99), 731 So.2d 881, *cert. denied,* 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999) (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). "Purposeful availment" ensures that the moving party will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person. *Rudzewicz,* 471 U.S. at 474–75, 105 S.Ct. at 2183–84.

Even if "minimum contacts" exist between a nonresident defendant and the forum state, the exercise of personal jurisdiction over the defendant will fail to satisfy due process requirements if the assertion of jurisdiction offends "traditional notions of fair play and substantial justice." *A & L Energy,* 791 So.2d at 1271, (citing *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. If the plaintiff meets his burden of proving minimum contacts, the burden shifts to the defendant to prove that the jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum. *Id.* at 1274. Therefore, the second part of the test places on the defendant the burden of establishing the unfairness of the assertion of jurisdiction.

Plaintiff has alleged no facts that would demonstrate that Movant has engaged in substantial activity in Louisiana or even purposely availed itself of the privileges of conducting business in the State of Louisiana. As set forth in Movant's supporting affidavit (attached hereto as Exhibit C), Movant is not a resident of the state of Louisiana nor has Movant engaged in any activity, substantial or otherwise, within the state of Louisiana. *See* Exhibit C.

Plaintiff has made only a bare assertion that "not only are some of the [1,341] defendants residents of this [Louisiana] state, but…all of the Defendants conspired to and did commit acts of copyright infringement nationally and worldwide, including in this State [sic] and upon information and belief in this District." Plaintiff's *Complaint*, Doc. No. 1, p. 2, ¶ 3 (hereinafter "Complaint"). What Plaintiff has failed to inform the Court, however, is that simple geolocation tools, recognized by other courts, exist which would allow Plaintiff to learn the general location of each purported defendant without seeking such information in jurisdictions wholly unrelated to many defendants and, particularly, Movant. *See Nu Image, Inc. v. Does 1-23,322*, 799 F.Supp.2d 34, (D.D.C. July 29, 2011) (discussing the publicly available I.P. address lookup website http:// whatismyipaddress.com and that such a geolocation service "can place a user no farther away than a city that borders on the user's actual location. The use of such a simple tool shows that Movant's I.P. address is located outside Louisiana.[1] Accordingly, plaintiff has failed to establish general jurisdiction over Movant and the subpoena should be quashed as to Movant's I.P. address.

---

[1] Indeed, the use of http://whatismyipaddress.com reveals that all but approximately seven of the I.P. addresses purportedly associated with Doe defendants listed in Exhibit A to Plaintiff's complaint are outside Louisiana.

Specific jurisdiction arises over a non-resident defendant only when a defendant engages in specific enumerated acts.

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (5) Having an interest in, using or possessing a real right on immovable property in this state.
>
> (6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
>
> (7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
>
> La. R.S. 13:3201(A)

Movant believes that Plaintiff is a Seychelles company with its principal place of business in Providence, Mahe, Seychelles. Complaint at p. 6, ¶ 16. Plaintiff's mere assertion that, bare assertion that "not only are some of the [1,341] defendants residents of this [Louisiana] state, but…all of the Defendants conspired to and did commit acts of copyright infringement

nationally and worldwide, including in this State [sic] and upon information and belief in this District." insufficient to meet its burden of establishing personal jurisdiction over Movant, a non-resident individual. Complaint at p. 2, ¶ 3.

As demonstrated by Movant's supporting affidavit, Movant does not reside or work in Louisiana; has never operated, conducted, engaged in or carried on a business or business venture in Louisiana; never committed a tortious act in Louisiana; never owned, used, possessed or held a mortgage or other real property lien in Louisiana; never contracted with any person or property within Louisiana; caused injury to persons or property within Louisiana; nor has Movant breached a contract in Louisiana. As discussed *supra*, courts have recognized that simple geolocation services can approximate the location of I.P. addresses and using such services would show that Movant's I.P. Address is located outside Louisiana. S*ee Nu Image, Inc. v. Does 1-23,322*, 799 F.Supp.2d 34, (D.D.C. July 29, 2011) (discussed *supra*). Accordingly, this Court lacks personal jurisdiction over Movant pursuant to Louisiana's long-arm statute and the subpoena for the Movant's records should be quashed.

2. *Constitutional Standard*

Assuming, *arguendo*, that Plaintiff were to establish jurisdiction over Movant pursuant to part A of Louisiana's long-arm statute, there is still an insufficient relationship between Plaintiff's claim and Movant's contacts with Louisiana to justify this Honorable Court's exercise of jurisdiction over Movant. It is a fundamental principal that defendants should not be forced to have their interests adjudicated in a jurisdiction within which the defendant has no contact. The basic requirement of personal jurisdiction "gives a degree of predictability to the legal system

that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The constitutional standard is whether the defendant has certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. The minimum contacts analysis "cannot simply be mechanical or quantitative", but instead must depend on the "quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." *Id*. 326 U.S. at 319.

Plaintiff appears to assert in its complaint that because the alleged activity took place over the Internet, the "nationally and worldwide, including in this State and upon information and belief in this District." Complaint at pp. 2, ¶ 3. This implication that the use of the Internet automatically confers jurisdiction over any and all defendants regardless of where the activity took place and without regard to the residence of such defendants is simply not accurate. The rise of the Internet does not destroy fundamental, constitutional requirements. *See GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000). In *GTE*, the plaintiff asserted that the personal jurisdiction requirement was satisfied because the defendants acted in concert to redirect users in the District of Columbia away from the plaintiff's directory and website and to that of the defendant. *Id*. at 1346. Rejecting plaintiff's theory, the court explained that it was insufficient for the plaintiff to demonstrate personal jurisdiction "based solely on the ability of District residents to access defendants' websites," in particular when there was no evidence of financial harm to the plaintiff in the District of Columbia. *Id*. at 1349. The court further stated:

> Indeed, under this view, personal jurisdiction in internet-related cases would almost always be found in any forum in the country. We do not believe that the advent of advanced technology, say, as with the Internet, should vitiate long-held and inviolate principles of federal court jurisdiction. ...In the context of the Internet, GTE's expansive theory of personal jurisdiction would shred these constitutional assurances out of practical existence. Our sister courts have not accepted such an approach, and neither shall we.
>
> *Id*. at 1350.

Similarly, the Fourth Circuit has concluded that the mere act of hosting infringing copyrighted material by an out-of-state ISP was insufficient to justify exercise of personal jurisdiction over the ISP in a Maryland court. *See ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002); *see also Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 133 (D.D.C. 2009) (holding that a defendant's posting of statements to the internet which could then be downloaded and viewed in the District of Columbia was insufficient to establish personal jurisdiction). Accordingly, the mere use of the Internet by 3,932 Doe defendants is insufficient to establish personal jurisdiction and the subpoena should be quashed as to Movant.

C. Because Movant Has Been Improperly Joined, Movant Should Be Severed And Dismissed.

Pursuant to Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." To remedy improperly joined parties, "the court may at any time, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21.

Plaintiff has failed to show that the copyright infringement claims against Movant (and the other Doe defendants) arise out of the same transaction, occurrence, or series of transactions and occurrences. Plaintiff appears to allege that joinder is based on the Doe defendants' use of a peer-to-peer network to infringe on copyrighted material. Complaint at pp.2, ¶4. Exhibit A to Plaintiff's own Complaint shows that the various 1,341 Doe defendants allegedly used the same peer-to-peer network (BitTorrent) on various days and times. Such varied activity is insufficient to satisfy the "same transaction, occurrence or series of transactions and occurrences" for the purposes of joinder. Fed. R. Civ. P. 21(a)(2). Although courts differ, "[n]umerous courts have found that alleged copyright infringement through the use of [peer-to-peer] networks is insufficient to sustain permissive joinder." *Liberty Media Holdings, LLC v. Bittorrent Swarm*, 277 F.R.D. (S.D. Fla. Nov. 1, 2011) (citing *Hard Drive Prods v. Does 1-188*, No. 11-CV-1566, 809 F.Supp.2d 1150, 1156-1159, 2011 WL 3740473, at *7-9, 2011 U.S. Dist. LEXIS 94317, (N.D. Cal Aug. 23, 2011)); *see also Mem. Orders, K-Beech, Inc. v. Does 1-85*, Civ. A No. 3:11-CV-469 (E.D. Va. Oct. 5, 2011) ("The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work -- which occurred on different days and times over a span of three months -- is insufficient to meet the standards of joinder set forth in Rule 20."); *Millenium TGA, Inc. v. Does 1–21,* No. 11–2258, 2011 U.S. Dist. LEXIS, at *6–7, 2011 WL 1812786 (N.D.Cal. May 12, 2011); *Diabolic Video Prods., Inc. v. Does 1-2099*, No. 10-CV-5865, 2011 U.S. Dist. LEXIS 58351, at *10-11 (N.D. Cal. May 31, 2011). In addition, "[m]erely participating in a BitTorrent swarm does not equate to participating in the same 'transaction, occurrence, or series of transactions or occurrences.' " *Liberty Media Holdings, LLC*, No. 11-CV-21525, 2011 U.S. Dist. LEXIS 126333 at *7 (quoting Fed. R. Civ. P. 20); *see*

*also La Face Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544, 2008 WL 544992, at *7 (E.D.N.C. Feb. 27, 2008) ("[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder."). As a result, Plaintiff's attempt to use the peer-to-peer network BitTorrent to create a basis for the proper joinder of 1,341 Doe defendants, including Movant, is insufficient.

A court may sever improperly joined parties. Fed. R. Civ. P. 21. Several other courts have found this to be the appropriate remedy for improperly joined Doe defendants in other alleged copyright infringement actions. *See, e.g.*, *Liberty Media Holdings, LLC*, No. 11-CV-21525, 2011 U.S. Dist. LEXIS 126333 at *7 (quoting Fed. R. Civ. P. 20); *On the Cheap, LLC v. Does 1-5001*, No. 10-CV-4472, 2011 U.S. Dist. LEXIS 99831, at *17 (N.D. Cal. Sept. 6, 2011) (severing and dismissing without prejudice all but the first Doe defendant to appear on plaintiff's list of I.P. addresses, which was the first I.P. address that appeared to reside within the court's jurisdiction). As a result, Movant should be severed and dismissed from this action.

### III. CONCLUSION

For the foregoing reasons, the subpoena authorized pursuant to the Court's January 24, 2012 Order Granting Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. No. 6) and attached hereto as Exhibit A which seeks Movant's personal information should be quashed and/or Movant should be severed and dismissed from this action due this Court's lack of personal jurisdiction and/or the improper joinder of parties.

Respectfully submitted this 27th day of April 2012.

D.W. NANCE, LLC

By:   s/David W. Nance
_____
David W. Nance
LA Bar No. 25467
5700 Magazine Street
New Orleans, LA 70115
(504) 717-4730 voice
(888) 698-7007 facsimile
david@dwnance.com
www.dwnance.com

COUNSEL FOR DEFENDANT,
JOHN DOE – 71.101.4.72

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served on the persons listed below on this 27th day of April 2012.

*Via ECF filing or electronic mail:*

| | | |
|---|---|---|
| Christina N Boffen<br>Law Office of Christina N Boffen<br>216 N Crain Hwy Ste 202A<br>Glen Burnie, MD 21061<br>410-718-2929<br>410-747-3741 (fax)<br>cboffen@gmail.com<br> Assigned: 04/20/2012<br> PRO HAC VICE<br> ATTORNEY TO BE NOTICED | representing | John Doe #899 68.34.92.184<br>*(Defendant)* |
| William Scarth Clark<br>Best Koeppel<br>2030 St Charles Ave<br>New Orleans, LA 70130<br>504-598-1000 | representing | John Doe #899 68.34.92.184<br>*(Defendant)* |

| | | |
|---|---|---|
| 504-524-1024 (fax)<br>sclark@bestkoeppel.com<br> *Assigned: 04/17/2012*<br>  ATTORNEY TO BE NOTICED | | |
| Paul A Lesko<br>Simmons Browder et al<br>One Court St<br>Alton, IL 62002<br>618-259-2222<br>618-259-2251 (fax)<br>plesko@simmonsfirm.com<br> *Assigned: 01/26/2012*<br>  LEAD ATTORNEY<br>  ATTORNEY TO BE NOTICED | representing | 4 Twenty Media Inc<br>*(Plaintiff)* |
| Joseph C Peiffer<br>Fishman Haygood et al<br>201 St Charles Ave Ste 4600<br>New Orleans, LA 70170<br>504-586-5252<br>504-586-5250 (fax)<br>jpeiffer@fishmanhaygood.com<br> *Assigned: 01/11/2012*<br>  *TERMINATED: 03/07/2012* | representing | 4 Twenty Media Inc<br>*(Plaintiff)* |

                                            s/ David W. Nance
                                            _____
                                            David W. Nance