IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 4:TWENTY MEDIA, INC.<br><br>                Plaintiff,<br><br>    v.<br><br>SWARM SHARING HASH FILES 6D59B29B0E51E9B5B4C0F9192CE99ED5EC5457E86FC0F9C7F041DC36283D54B1FA29E993EA3EC2A8F1F946C2054A0F885AC01FB07A935F4F238DD391; AND DOES 1-1,341.<br><br>                Defendants. | Case Number: 6:12-cv-00031-RFD-CMH<br><br>**MOTION FOR EXTENSION OF TIME FOR JOHN DOE NUMBER 404 TO QUASH SUBPOENA**<br><br>**DECLARATION OF MORGAN E. PIETZ** |

      "John Doe Number 404" is an individual who wishes to remain anonymous and who, through his counsel Morgan E. Pietz, hereby respectfully requests a thirty (30) day extension of time in which to file a motion to quash the subpoena that supposedly seeks to reveal Mr. Doe's identity. The subpoena at issue was apparently authorized by this Court, issued by the United States District Court for the Eastern District of New York, and served on Verizon by the plaintiff in the above-entitled action.  By a letter dated March 31, 2012, Verizon notified Mr. Doe (using his real name) that the subpoena at issue seeks the release of certain of his personally identifiable information.

      Since Verizon sends its customers a tremendous amount of junk mail advertisements, and the letter containing notice of the subpoena was in a non-descript envelope from Verizon, Mr. Doe initially mistook the letter from Verizon about the subpoena as junk mail. After recently opening Verizon's letter about the subpoena, Mr. Doe first attempted to contact Verizon directly to clear up his questions about the letter.  After Mr. Doe sent a fax

to Verizon[1] with certain questions, on Friday April 26, 2012, a Verizon Legal Compliance Team Representative named Bill called Mr. Doe back and informed him over the phone that the deadline for filing a request for an extension of time or a motion to quash the subpoena would be today, May 2, 2012. Dec'l. of Morgan E. Pietz ¶ 2.

After initially attempting to contact an attorney last week, Mr. Doe was able to meet with and retain Mr. Pietz yesterday afternoon, May 1, 2012. Yesterday evening, May 1, 2012, Mr. Pietz sent Verizon a fax giving notice that Mr. Doe would be filing this motion in addition to a motion to quash, and also instructing Verizon not to reveal Mr. Doe's identity until this issue can be adjudicated by the Court. Dec'l. of Morgan E. Pietz ¶ 3.

If the Court were to grant the 30-day extension respectfully requested by John Doe Number 404 the plaintiff would still have more than three weeks after service thereof to prepare an opposition, per the Court's order of April 5, 2012, p. 2 (Docket No. 25) (setting deadline for single opposition to motions to quash, etc., on June 25, 2012).

By filing this motion for an extension of time and/or by filing a motion to quash the subpoena on Verizon, John Doe Number 404 does not agree to generally appear in the above-identified lawsuit, and, if he is ever served such that the issue becomes ripe[2], he hereby expressly reserves the right to specially appear to (or, in the alternative, hereby does) challenge personal jurisdiction, as well as raise all other waiveable arguments under Fed. R. Civ. Proc. 12(b).

In short, in order to become familiar with the specifics of this case, and to prepare a thoughtful and well-reasoned argument as to why the subpoena at issue should be quashed, Mr. Doe, through his recently-retained counsel, respectfully requests a 30-day extension of time in which to file such a motion.

---

[1] Mr. Doe had no choice other than to fax Verizon, because, other than the fax number, Verizon's letter about the subpoena did not contain any other contact information for Verizon's legal compliance team.

[2] As the Court is no doubt well aware, in most of these so-called "copyright troll" lawsuits, plaintiffs never bother to incur the expense of serving the identified Doe defendants, and rather simply dismiss the case once the deadline for service approaches.

-3-

Respectfully Submitted,

| | |
|---|---|
| */s/ Morgan E. Pietz* | */s/ Christine A. Guillory* |
| Petitioning Attorney [3] | Local Counsel |
| MORGAN E. PIETZ | CHRISTINE A. GUILLORY |
| California Bar No. 260,629 | Louisiana Bar No. 32149 |
| THE PIETZ LAW FIRM | FRILOT, LLC |
| 3770 Highland Ave., Ste. 206 | 1100 Poydras Street, Ste. 3700 |
| Manhattan Beach, CA 90266 | New Orleans LA 70163 |
| Phone: (310) 424-5557 | Phone: (504) 599-8036 |
| Fax: (310) 546-5301 | Fax: (504) 619-4989 |
| mpietz@pietzlawfirm.com | cguillory@frilot.com |

---

[3] A petition to admit Mr. Pietz *pro hac vice* is being filed concurrently with this motion.

## DECLARATION OF MORGAN E. PIETZ

I, the undersigned, declare as follows, and if called as a witness could and would testify competently hereto based on my own personal knowledge:

1. My name is Morgan E. Pietz and I am an attorney duly licensed to practice law by the State Bar and the Courts of the State of California. In conjunction with the instant motion, I also filed a petition to be admitted *pro hac vice* in order to represent John Doe Number 404 connection with seeking to quash the subpoena seeking his identity, and specially appearing on his behalf to contest personal jurisdiction. I have experience litigating copyright infringement lawsuits and am well aware of the issues in so-called "copyright troll" lawsuits like this one.

2. On Tuesday May 1, 2012, I received a series of communications from an individual, who I refer to as John Doe, which is not his real name, but is used to protect his anonymity, regarding the above-entitled matter. When we met in my office, "Mr. Doe" showed me a fax he sent to Verizon asking certain questions about the letter Verizon sent him, a copy of that letter, and a copy of the first page of the subpoena served on Verizon. Mr. Doe also related to me that he had two conversations with a Verizon representative named Bill last Friday 4/26/2012. Mr. Doe told me that Bill called Mr. Doe back at 5:30 a.m. to discuss Mr. Doe's fax. Mr. Doe told me that after Mr. Doe noted the time, Bill then called Mr. Doe back later in the day for a proper discussion. Mr. Doe told me that when asked by Mr. Doe, Bill explained that the deadline for compliance with the subpoena would be today, May 2, 2012.

3. After executing a written retain agreement yesterday in the later afternoon, yesterday evening I sent a fax to Verizon providing notice that I would be representing Mr. Doe, and that I would be filing this motion, as well as a motion to quash the subpoena, and also instructing Verizon not to reveal Mr. Doe's identity until this issue can be adjudicated by the Court.

4.	I have not included as attachments copies of Verizon's letter to Mr. Doe, Mr. Doe's fax to Verizon, or my fax notice to Verizon, since these documents all contain Mr. Doe's personally identifiable information.

Under the penalty of perjury of the laws of the United States of America, the foregoing is true and correct.

Executed this 2nd Day of May, 2012, at Manhattan Beach, California

 _/s/ Morgan E. Pietz_____
MORGAN E. PIETZ

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2012, the foregoing was submitted to the CM/ECF system which will send notification of such filings to 4:Twenty Media, Inc.

                                                  */s/ Christine A. Guillory*
                                                  CHRISTINE A. GUILLORY