## TABLE OF CONTENTS

Table of Authorities _____ i

I. INTRODUCTION _____ 2

II. LEGAL ARGUMENT _____ 4

  A. Movant Should be Dismissed and the Subpoena Quashed Because This Court Lacks
Personal Jurisdiction Over Movant_____ 4
    1. Louisiana's Long Arm Statute _____ 6
    2. Constitutional Due Process _____ 7

  B. Does 2-1341 Should Be Dropped Pursuant to Rule 21 Because They are Improperly Joined
in This Action _____ 11

  C. The Instant Subpoena Should Be Quashed Pursuant to Rule 45 Because The Requested
Information is Unlikely to Identify the Doe Defendant _____ 14

III. CONCLUSION _____ 15

## TABLE OF AUTHORITIES

### Cases:

*Berlin Media Art v. Does 1-654*, 2011 WL 36383080 (N.D. Cal. Oct. 18, 2011)....................10

*BMG Music v. Does 1-203,* 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004).........................13

*Boy Racer Inc. v. Does 1-60,* 2011 U.S. Dist. LEXIS 92994 (N.D. Cal. Aug. 19, 2011)...........13

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985)..................................................9

*Colombia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 580 (N.D. Cal. 1999).......................14

*Electrosource, Inc., v. Horizon Battery Techs., Ltd.* 176 F.3d 867 (5th Cir. 1999)..................9

*Fonovisa v. Does 1-9* 2008 WL 919701 at *8. (W.D. Pa. Apr. 3, 2008).............................12

*Hard Drive Prods., Inc. v. Does 1-30,* 2011 WL 491551 at *4 (E.D. Va. Oct. 17, 2011).........13

*Hard Drive Productions v. Does 1-188*, 809 F.Supp.2d 1150, 1163 (N.D. Cal. 2011).........12-13

*Interscope Records v. Does 1-25,*
 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004)......................................12

*Int'l Shoe v. Washington,* 326 U.S. 310 (1945).........................................................8

*LaFace Records, LLC v. Does 1-38* 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008)....12

*Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999)...............................................5

*Luv N' Care, Ltd. v. Insta-Mix Inc.,* 438 F.3d 465, 470 (5th Cir. 2006)..............................8

*McFadin v. Gerber,* 587 F.3d 753 (5th Cir. 2009)……………………………………………8 - 10

*Millennium TGA v. Doe* 2011 U.S. Dist. LEXIS 110135 at \*2-8 (N.D. Ill. Sept. 26, 2011)……..10

*Milliken v. Meyer*, 311 U.S. 457 (1940)…………………………………………………………...8

*Mink v. AAAA Development, LLC* 190 F.3d 333 (5th Cir. 1999)…………………………………...5

*Moncrief Oil Int'l v. OAO Gazprom,* 481 F.3d 309 (5th Cir. 2007)………………………………8

*On The Cheap, LLC v. Does 1-5011,*
2011 U.S. Dist. LEXIS 99831, at \* 14 (N.D. Cal. Sept. 6, 2011)…………………………………10

*Pacific Century Int'l v. Does* 2011 WL 2690142 (N.D. Cal. July 8, 2011)……………………13

*Sieferth v. Helicopteros Atuneros, Inc.* 472 F.3d 266, 271 (5th Cir. 2006)………………………8

*VPR Internationale v. Does 1-1017,* 11-cv-02068-HAB-DGB, Dkt. No. 15 (C.D. Ill. 2011)…..14

*World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980)………………………………5

## Statutes

La. R. S. 13:3201……………………………………………………………………………...6-8

Fed. R. Civ. P. 20……………………………………………………………………………11, 13

Fed. R. Civ. P. 21………………………………………………………………………………11

17 U.S.C. §505………………………………………………………………………………4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

4:Twenty Media, Inc.              )
                                    )
      Plaintiff,              )
                                      )
      vs.                        )    CASE NO.: 6:12-cv-00031-RFD-CMH
                                      )
Swarm Sharing Hash Files         )
6D59B29B0E51E9B5B4C0F9192CE99ED5E )
C5457E8,6FC0F9C7F041DC36283D54B1FA )
29399EAEC2A8,F1F946C2054A0F885AC01 )
FB07A935F4F238DD391 and Does 1-1,341  )
                                      )
      Defendant            )

## MEMORANDUM IN SUPPORT OMNIBUS MOTION TO QUASH OR, IN THE ALTERNATIVE, TO SEVER AND DISMISS

COMES NOW, Movant John Doe # 1159 (IP Address 98.207.222.178) in the instant action, and respectfully submits this Omnibus Motion to Quash or, in the alternative, to Sever and Dismiss.  The instant subpoena was issued by Plaintiff and delivered to Movant through Movant's Internet Service Provider (hereinafter 'ISP'), pursuant to Fed. R. Civ. P. 45(c)(3).  The subpoena being contested was issued pursuant to the Court's January 24, 2012 Order Granting Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. No. 6).

For the reasons outlined herein, Movant requests that the instant subpoena be quashed, and that Movant be dismissed for lack of personal jurisdiction or, in the alternative, that Does 2-1341 be severed due to misjoinder.

# I. INTRODUCTION

Plaintiff herein is the purported owner of the copyrighted adult work that is the subject of this action.  Defendants herein are 1341 unidentified individuals[1] from across the United States that have allegedly downloaded and/or shared Plaintiff's copyrighted work via the BitTorrent protocol.  The instant action is one more suit in a wave of mass copyright infringement suits that have recently swept through District Courts around the country.  Certain features have become hallmarks of this brand of litigation.  First, Plaintiff files suit against a massive number of Doe Defendants based on generalized allegations that they have "shared" a copyrighted work – usually a pornographic film with an extremely graphic title, as here.  Plaintiff pays a single filing fee of $350 (instead of the $469,350 that would be required to file suit individually against each putative defendant in this case, for example).  Many plaintiffs are cautious enough to limit the putative Does to residents of the forum state, though Plaintiff here has not done so.

Next, the plaintiff seeks an ex parte order for "early discovery" from the court, in the form of ISP subscriber names, addresses, etc.  As there is no identifiable defendant at this stage, a Plaintiff is allowed to make various questionable representations (like those challenged herein) in support of its ex parte motion.  These representations remain unchallenged for months, until long after the ex parte order has issued and the ISP subscribers are faced with their first Cornelian dilemma: pay an attorney to attempt to protect your identity, or allow your identity to be obtained by porn purveyors that will use that information to threaten and embarrass you.  Even if a Doe (or many Does, for that matter) file successful motions to quash, sever, or dismiss,

---

[1] Movant is aware that several hundred Does have been dismissed from this action for various reasons.  This fact does not alter any of Movant's arguments herein.  For the reasons explained herein, mass joinder is inappropriate, whether there be 5, 50, or 1341 Doe Defendants.  The initial number of Does sued in this action (1341) is referred to throughout.

the plaintiff will still have acquired the subscriber information for perhaps hundreds or thousands of other ISP subscribers who were unable, for various reasons, to file their own motion.

The next step in the mass copyright suit is also the most important – the threatening letter. For the price of a postage stamp, a plaintiff may now threaten to sue the ISP Subscriber (whether or not they have actually infringed any copyright) for the alleged copying and distribution of the aforementioned graphically titled adult work. Or, as plaintiffs are quick to reassure the subscriber, one can make it all go away by simply paying several thousand dollars. Each subscriber is faced with this choice, whether or not they have ever infringed any copyright, and whether or not they have ever heard of the BitTorrent protocol. As plaintiffs well know, a Doe's decision to settle is often wholly unrelated to whether or not they have infringed any copyrighted work, and is influenced solely by a desire to avoid the embarrassment and legal expense required to establish one's innocence. If you have any doubt about this, imagine for one moment that you are an ISP Subscriber and you are 100% sure you have never downloaded the work in question. How much would you be willing to pay to avoid being publicly accused of illegally downloading and sharing "Teen Anal Sluts"? Most likely your answer is a non-zero sum.

The final step in these mass copyright cases is, almost invariably, a slow death. The case languishes and eventually the Does are dismissed without prejudice. Sometimes these dismissals are voluntary, as the plaintiff has received all the information it needs and has no reason to maintain the fiction that it actually intends to sue all of the Does in the mass suit (though they assure the court that joinder would be proper). Other times the dismissals are involuntary – because the forum determines that joinder is inappropriate or that they lack jurisdiction, as here. Regardless of the reason for the dismissal, a Sword of Damocles is left hanging over the heads of

the unfortunate identified subscribers, who must now live in fear of an illegitimate lawsuit from a company that should not have gotten their personal information.  Plaintiffs may continue to threaten future suits until the statute of limitations expires, despite the clear lesson of the recent wave of suits: **Only a TINY fraction of Doe Defendants are ever served in a copyright infringement action.**  The reason is simple: plaintiffs truly have no idea whether the subscriber committed copyright infringement, and if they *actually* served a summons and complaint on a subscriber (rather than simply threatening to do so), they would immediately expose themselves to potential liability for costs and attorney fees under 17 U.S.C. §505.

Courts are not without recourse.  This Court has ample reason, if it so chooses, to put an end to the instant case.  Approximately 99.5% of the initial defendants in this suit apparently reside outside of Louisiana, and Plaintiff herein has failed to establish that personal jurisdiction is appropriate over any of them.  In addition, Plaintiff has not shown that joinder of 1341 Does (or the 800+ that remain), many of whom could not have interacted with each other, is appropriate.  Finally, the requested discovery will not actually identify any Doe Defendants.  What it will do is identify ISP subscribers (who may or may not have ever committed any infringement), and subject them to the humiliating process and series of bad alternatives described above.  For the reasons more fully outlined below, Movant respectfully requests that the instant subpoena be quashed and the instant matter dismissed or severed.

### III. LEGAL ARGUMENT

A.    MOVANT SHOULD BE DISMISSED AND THE SUBPOENA SHOULD BE QUASHED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER MOVANT.

It is a fundamental precept of Due Process that a defendant should not be forced to have his rights and obligations determined in a jurisdiction with which he has had no contact.  *See,*

*e.g. World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980), *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999). Moreover, the Plaintiff is required to plead facts supporting the Court's exercise of personal jurisdiction over all defendants and putative defendants. Far from demonstrating personal jurisdiction over the defendants in this action, Plaintiff's complaint establishes quite clearly that this court <u>cannot exercise personal jurisdiction over the vast majority of putative defendants.</u>

Paragraph 15 of Plaintiff's Complaint specifically notes that "**Of the 1341** John Doe Defendants, geolocation technology places **at least seven** of them in the state of Louisiana (John Does 84, 118, 154, 183, 206, 722, 1225, and 1290)." (Doc. No. 1.)(emphasis added). Plaintiff has thus admitted that approximately one half of one percent of the putative defendants in this case are residents of Louisiana, and that Movant is not among them.[2] Plaintiff would have this court believe that jurisdiction over the other 99.5% is appropriate based on generalized assertions that "by copying from and distributing to Louisiana Defendants, Defendants nationwide purposefully availed themselves to the jurisdiction of this court and should anticipate being haled into court in this State." (Doc. No. 1. at 15). For the reasons that follow, Plaintiff's assertions must be rejected.

A federal court may exercise jurisdiction over a non-resident defendant if "(1) the long arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Mink v. AAAA Development, LLC* 190 F.3d 333 (5th Cir. 1999). If there is a basis for personal jurisdiction under Louisiana's Long Arm Statute, the court may then consider

---

[2] Incidentally, the seven Louisiana Defendants represent a smaller proportion of defendants in this suit (approximately .5%) than would be expected if Plaintiff merely chose a random sampling of the population of the United States (approximately 1.4% of which are residents of Louisiana, according to the latest census numbers.) http://quickfacts.census.gov/qfd/states/22000.html, last accessed on 5/2/12 at 1:11 p.m. (Louisiana Population estimate: 4,574,836; U.S. Population estimate 311,591,917).

whether constitutional Due Process standards, as articulated in *International Shoe* and its

progeny, have been satisfied.  Personal jurisdiction is appropriate only if both tests are satisfied,

however Louisiana's Long Arm statute incorporates the Constitutional Due Process test, and this

aspect thus collapses into a single inquiry.

1.  Louisiana's Long Arm Statute

La. R. S. 13:3201 articulates the standards for both general and specific jurisdiction over non-

resident defendants.  A court in Louisiana may exercise specific personal jurisdiction over a non-

resident when the cause of action arises from specific, enumerated activities in the forum state.

Specifically,

> A.  A court may exercise personal jurisdiction over a nonresident, who acts directly or by
> an agent, as to a cause of action arising from any of the following activities performed by
> the non-resident:
>> 1.  Transacting any business in this state.
>> 2.  Contracting to supply services or things in this state.
>> 3. Causing injury or damage by an offense or quasi offense committed through an
>> act or omission in this state.
>> 4. Causing injury or damage in this state by an offense or quasi offense committed
>> through an act or omission outside of this state if he regularly does or solicits
>> business, or engages in any other persistent course of conduct, or derives revenues
>> from goods used or consumed or services rendered in this state.
>> 5.  Having an interest in, using or possessing a real right on immovable property
>> in this state.
>> 6. Non-support of a child, parent, or spouse or a former spouse domiciled in this
>> state to whom an obligation of support is owed and with whom the nonresident
>> formerly resided in this state.
>> 7. Parentage and support of a child who was conceived by the nonresident while
>> he resided or was in this state.
>> 8.  Manufacturing  of a product or component thereof which caused damage or
>> injury in this state, if at the time of placing the product into the stream of
>> commerce, the manufacturer could have foreseen, realized, expected, or
>> anticipated that them product may eventually be found in this state by reason of
>> its nature and the manufacturer's marketing practices.
> La. R. S. 13:3201(A)

It is immediately apparent that the majority of the enumerated bases have no application

to the present case.  Movant has specifically denied that the other bases for jurisdiction apply to

the instant matter. (See Declaration of John Doe #1159, annexed hereto as Exhibit A).  Movant specifically denies that he has traveled to Louisiana or has conducted any business in the state of Louisiana.  Movant has never set foot in Louisiana.  Movant has likewise denied (2) contracting to supply services or things in the state; (3) committing ANY acts in the state of Louisiana during the relevant time period, let alone an act or omission in the state that also causing injury to another in this state.  Because Movant does not "regularly [do] or solicit business, or engages in any other persistent course of conduct, or derives revenues from goods used or consumed or services rendered in this state," and thus the fourth basis for jurisdiction is also inapplicable.  In addition, Plaintiff cannot allege that it has suffered injury *in Louisiana* due to a nonresident's downloading of Plaintiff's copyrighted work, as Plaintiff has no apparent relationship to the state whatsoever.

The instant matter does not implicate immovable property in Louisiana (nor does Movant own any), and this case clearly does not implicate subsections 6 & 7, dealing with support obligations or parentage.  Finally, Movant is not in the business of manufacturing any product and the complaint does not allege that any injury was caused by a product manufactured by any Doe defendant.  Plaintiff fails to satisfy the personal jurisdiction requirements of La. R. S. 13:3201(A), and must therefore rely on §13:3201(B) if it is to exercise jurisdiction over the nonresident Movant.  As shown below, Plaintiff also fails to satisfy §13:3201(B).

2. Constitutional Due Process

La. R. S. 13:3201(B) provides that "In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a non-resident on any basis consistent with the constitution of this state and of the Constitution of the United States."  There are two distinct

prongs to the Constitutional Due Process test for personal jurisdiction: (1) the non-resident has minimum contacts with the forum state, and (2) requiring a defendant to litigate in the distant forum "does not offend traditional notions of fair play and substantial justice" *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise general jurisdiction over any action brought against the defendant. See *Moncrief Oil Int'l v. OAO Gazprom,* 481 F.3d 309, 311 (5th Cir. 2007).   In the instant matter, Plaintiff has not (and cannot) allege that each defendant has the requisite business contacts to support general jurisdiction, and Movant has specifically denied that he has systematic and general business contacts with the forum state.   As such, Movant is not subject to the general jurisdiction of this court.

The sole remaining method for acquiring personal jurisdiction over the Movant requires Plaintiff to establish that the requirements for specific personal jurisdiction are satisfied. Plaintiff has not, and cannot do so.   The Fifth Circuit has enunciated a three-step analysis for specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e. whether it purposely directed its activities toward the forum state or purposefully availed itself of the privilege of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Sieferth v. Helicopteros Atuneros, Inc.* 472 F.3d 266, 271 (5th Cir. 2006).   The "minimum contacts" inquiry is fact intensive and the "touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court.'" *McFadin v. Gerber,* 587 F.3d 753 (5th Cir. 2009)(quoting *Luv N' Care, Ltd. v. Insta-Mix Inc.,* 438 F.3d 465, 470 (5th Cir. 2006).   A nonresident defendant "must not be haled into a jurisdiction

solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.'" *McFadin* at 753 (quoting *Electrosource, Inc., v. Horizon Battery Techs., Ltd.* 176 F.3d 867, 871-71 and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985). In addition, the cause of action must arise out of the defendant's forum related contacts. Plaintiff has clearly failed to satisfy the minimum contacts test in the instant matter.

Plaintiff attempts to gloss over the obvious problems with personal jurisdiction with the conclusory declaration that "by copying from and distributing to Louisiana Defendants, Defendants nationwide purposefully availed themselves to the jurisdiction of this court and should anticipate being haled into court in this State." (Doc. No. 1. at 15)." The problems with this assertion are clear and fatal. First, Plaintiff has not shown, and cannot show that each nonresident defendant actually shared anything or participated in the same swarm contemporaneously with the Louisiana defendants.. In fact, Plaintiff's own exhibit demonstrates that it is extremely unlikely that Movant herein ever interacted with a Louisiana Doe. Plaintiff lists 7 Does that may be from Louisiana, only 3 of whom (Does 722, 1225, and 1290) are accused of participating in the same "F1" swarm as the Movant (Doc. No. 1 at 15, Doc. No. 1-1). According to Plaintiff, Doe 722 allegedly participated in the "F1" swarm on July 23, 2011, nearly two full months before the Movant was allegedly observed in the swarm on September 22, 2011. Likewise, Doe 1225 was allegedly in the "F1" swarm on October 5, 2011, almost two weeks after the Movant allegedly participated in the "F1" swarm and Doe 1290 was observed even later, on October 17, 2011. Far from showing that each defendant copied from and distributed to Louisiana Does, Plaintiff's own Exhibit makes it overwhelmingly clear that Movant almost certainly **did not participate in any swarm at the same time as any Louisiana Doe herein.**

Second, even if a nonresident Doe did connect directly with a Louisiana Doe, this would nonetheless be insufficient to support personal jurisdiction over the nonresident. As noted above, a nonresident defendant is not subject to personal jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.'" *Id.* (internal quotations omitted). The mere act of connecting to another peer in a BitTorrent swarm (the only activity posited as supporting jurisdiction) is exactly the sort of random, fortuitous event that the 5th Circuit has held insufficient to support personal jurisdiction over non-residents.

An individual participating in a BitTorrent swarm has no control over which peers they are connected to and no knowledge of the location of other peers. Any connections made to other peers, and the locations of those peers, are entirely random, fortuitous events. Multiple courts across the country have rejected the assertion that participation in a BitTorrent swarm is sufficient to confer personal jurisdiction over a non-resident doe defendant. See, e.g.
*Berlin Media Art v. Does 1-654*, 2011 WL 36383080 (N.D. Cal. Oct. 18, 2011) ("The Court is not aware of any caselaw that suggests that this Court has personal jurisdiction over all 654 Defendants simply because at least one of the defendants (unidentified) allegedly happened to download the file at some point during the time period in question from a computer located in this District."); *Millennium TGA v. Doe* 2011 U.S. Dist. LEXIS 110135 at *2-8 (N.D. Ill. Sept. 26, 2011); *On The Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at * 14 (N.D. Cal. Sept. 6, 2011). Because Plaintiff has failed to establish that personal jurisdiction over Movant is appropriate in this forum, Movant should be dismissed and the instant subpoena quashed.

B.   DOES 2-1341 SHOULD BE DROPPED PURSUANT TO RULE 21 BECAUSE THEY ARE IMPROPERLY JOINED IN THIS ACTION

Under Rule 20, permissive joinder of defendants is appropriate if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Each prong of this test must be met for joinder to be proper.  In this case, Plaintiff fails each.  As such, Does 2-1341 should be dropped via Rule 21, which allows the court "at any time, on just terms, to add or drop a party." Fed. R. Civ. P. 21.

In the instant case, Plaintiff attempts to join Movant with 1340 other defendants that allegedly participated in one of three separate and distinct swarms, based solely on the allegation that they have downloaded a copy of the same copyrighted work using the same BitTorrent protocol. John Doe #1, for example, is alleged to have participated in the "6D" swarm on July 2, 2011, through his ISP in Oklahoma. (Doc. 1-2).  Movant herein, meanwhile, is alleged to have accessed a different file with a different hash identifier, through a different swarm (the "F1" swarm) on September 22, 2011, through an ISP in California.  Movant herein and John Doe #1 never even participated in the same swarm (and thus could not have connected to each other to share the subject motion picture). Plaintiff therefore attempts to justify joinder as follows: one member of the "6D" swarm, at some point, also shared another different and distinct file (the 6F file), identified by a different hash identifier, with members of the "6F" swarm, who then shared it amongst the "6F" swarm.  In addition, at some point, another member of the "6F" swarm shared a third distinct iteration, with a  third unique identifier, with individuals in the "F1" swarm, who then allegedly shared it with other members of the "F1" swarm, including Movant.

The allegations described above constitute, at the very least, five different transactions or occurrences: 1) John Doe #1 shares a file with members of the "6D" swarm; 2) a member of the "6D" swarm shares a different file (the 6F file) with members of the "6F" swarm; 3) members of the 6F swarm share the file amongst themselves; 4) a member of the "6F" swarm shares a third different iteration of the work (the F1 file) with a member of the "F1" swarm, and 5) Movant herein allegedly connects to the "F1" swarm and receives a copy of the third iteration.  Rule 20 requires that the right to relief arise from **the same** transaction, or **the same series of transactions.**  Plaintiff fails this test.  The only commonality between defendants in this action is that each is alleged to have committed "the exact same violation of the law in exactly the same way", which is insufficient to support joinder.  *LaFace Records, LLC v. Does 1-38* 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008).

Courts have routinely ordered severance of claims against Doe defendants in peer to peer infringement cases for failure to meet the "transaction or occurrence" test. See, e.g. *Interscope Records v. Does 1-25,* 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004)(severing multiple defendants in action where only connection was allegation that they used the same peer to peer network to conduct copyright infringement); *Fonovisa v. Does 1-9* 2008 WL 919701 at *8. (W.D. Pa. Apr. 3, 2008.)(severing multiple defendants because "plaintiff's have failed to show that one or more of the [d]efendants has actually downloaded songs from another [d]efendant, which could conceivably link the [d]efendants or show they acted in concert").

Multiple courts in this specific BitTorrent context have held that even individuals who have participated *in the same swarm* should be severed due to misjoinder.  For example, in *Hard Drive Productions v. Does 1-188*, the court made the following relevant observation regarding joinder:

"the [technician's] declaration argues at length about the "concerted activity" within a given swarm. Presumably he does so in response to the concerns highlighted by Judge Ryu that users in <u>different</u> swarms have nothing in common other than downloading the same work…even if the IP addresses at issue in this motion all came from a single swarm, there is no evidence to suggest that each of the addresses "acted in concert" with all of the others." *Hard Drive Productions v. Does 1-188*, 809 F.Supp.2d 1150, 1163 (N.D. Cal. 2011).

See also:  *Pacific Century Int'l v. Does* 2011 WL 2690142 (N.D. Cal. July 8, 2011); *Boy Racer Inc. v. Does 1-60*, 2011 U.S. Dist. LEXIS 92994 (N.D. Cal. Aug. 19, 2011); *Hard Drive Prods., Inc. v. Does 1-30*, 2011 WL 491551 at *4 (E.D. Va. Oct. 17, 2011) ("mere allegations that Doe Defendants have used the same peer-to-peer network to copy and reproduce their video is insufficient to meet the standards of joinder").  It is abundantly clear that if joinder of individuals in the same swarm is improper, joinder of individuals from three separate and distinct swarms is wholly inappropriate.

Plaintiff also fails to satisfy the second prong of the Rule 20 standard, namely that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.  As other courts have recognized in this setting, each individual Doe is accused of an independent act of infringement, and each may have wholly different legal or factual defenses.  For example, in *BMG Music v. Does 1-203*, the court noted that:

Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .Wholesale litigation of these claims is inappropriate, at least with respect to a vast  majority (if not all) of Defendants.
*BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

The court's observation in *BMG* is clearly accurate here, and Plaintiff's attempt at mass joinder should be rejected.  By allowing joinder, this court would essentially be encouraging hundreds of separate mini-trials in a single action.  These mini-trials would stretch out over the course of months or years, and would essentially start anew as, for example, John Doe #850 leaves the stand and John Doe #851 appears for his day(s) in court.  Then, sometime later, a jury would be asked to recall it all, and make a determination as to whether John Doe #850 did indeed download the copyrighted work in question, as accused.  The joinder rules are designed to increase judicial efficiency.  It is apparent that the mass joinder proposed by Plaintiff would, in fact, severely undermine this goal.

C.     THE INSTANT SUBPOENA SHOULD BE QUASHED PURSUANT TO RULE 45 BECAUSE THE REQUESTED INFORMATION IS UNLIKELY TO IDENTIFY THE DOE DEFENDANTS

A Plaintiff must satisfy four requirements to be eligible for early discovery to identify Doe Defendants.  These include the requirement that there be a reasonable likelihood that the requested discovery will lead to identification of the Doe Defendant.  See *Colombia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 580 (N.D. Cal. 1999).  Plaintiff herein cannot satisfy that burden for the simple fact that **the ISP subscriber is not necessarily the individual who downloaded/shared the copyrighted work.**  As Judge Baker noted in *VPR Internationale v. Does 1-1017,* 11-cv-02068-HAB-DGB, Dkt. No. 15 (C.D. Ill. 2011), obtaining subscriber identities will not "tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case.  It could be the Subscriber, or another member of the household, or any number of other individuals who had direct access to the Subscriber's network." *VPR Internationale* at pg. 2.

Plaintiff's complaint has not alleged any theories of secondary liability that would subject an account holder to liability *for the infringement of someone else* via the subscriber's internet connection.    Plaintiff would thus like this court to simply accept the wholly unsupported proposition that whoever happens to pay the cable bill in a particular household is likely to be the same individual that downloaded and shared "Teen Anal Sluts" over that household's internet connection.    This fallacy is the entire basis for Plaintiff's requested discovery and should be rejected by this court.    The requested discovery is not likely to discover the identity of the Doe Defendant, and the instant subpoena should be quashed.

### III. CONCLUSION

Movant in this case is an individual from California with no connection to the forum state.  Movant has been improperly joined with hundreds of unrelated subscribers from across the country, many of whom are accused of sharing completely different files at completely different times than the Movant.  Moreover, there is absolutely no necessary connection between the identity of the ISP subscriber (which is sought via the instant subpoena), and the identity of the actual infringer of Plaintiff's copyright.    This highly flawed case represents the first mass copyright litigation in the Western District of Louisiana, and this Court has ample reason to end it swiftly.  If this court chooses otherwise, it will quickly become the new home for this brand of mass copyright suits.

//

//

///

///

///

Respectfully Submitted,

s/ Nicholas Ranallo                                                  s/ Carlos A. Zelaya II

COUNSEL FOR DOE # 1159                            Carlos A. Zelaya, II (#22900)
Nicholas Ranallo, Attorney at Law                   Mumphrey Law Firm, LLC
California Bar # 275016                                      330 Oak Harbor Blvd., Suite D
371 Dogwood Way,                                            Slidell, LA 70458
Boulder Creek, CA 95006                                  (985) 649-0709
(831) 703-4011                                                    Fax: (985) 649-5706
Fax: (831) 533-5073                                           czelaya@mumphreylaw.com
nick@ranallolawoffice.com
*PHV Application Pending*                                Local Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Omnibus Motion to Quash or, in the Alternative, to Sever and Dismiss was filed May 3, 2012 via the Court's CM/ECF system which will send Notice of Filing to the below listed recipients.

s/ Carlos A. Zelaya, II

*Via ECF Filing:*

Christina N. Boffen                                   William Scarth Clark
cboffen@gmail.com                                 sclark@bestkoeppel.com

Christine August Guillory                        Paul A. Lesko
cguillory@frilot.com                                 plesko@simmonsfirm.com

David W. Nance                                       Morgan E. Pietz
david@dwnance.com                               mpietz@pietzlawfirm.com

Joseph C Peiffer
jpeiffer@fishmanhaygood.com