IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 4: TWENTY MEDIA INC., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 6:12-cv-00031-RFD-CMH ) |
| SWARM SHARING HASH FILES 6D59B29B0E51E9B5B4C0F9192CE99ED5EC5457E8, 6FC0F9C7F041DC36283D54B1FA29E993EA3EC2A8, F1F946C2054A0F885AC01FB07A935F4F238DD391; AND DOES 1-1,341, *Defendants*. | ) ) ) ***JURY TRIAL DEMANDED*** ) ) ) ) |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS PURSUANT TO FED. R. CIV. P. 4(m)

### I. Introduction

Plaintiff submits this statement regarding the status of service on Defendants and requests an extension of time to name and serve Defendants.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"Teen Anal Sluts,"* the Internet. At the time of filing, Plaintiff was only able to identify the Doe Defendants by limited information including their Internet Protocol ("IP") Addresses and the dates and times of alleged infringement. As described in its Motion for Expedited Discovery, the only way that Plaintiff could determine Defendants' actual names was from the Defendants' Internet Service Providers ("ISPs"). Docket No. 2-1.

1

To date, Plaintiff has received information from some ISPs sufficient to identify certain Doe Defendants. However, Plaintiff has not received information from certain remaining ISPs. Further, Plaintiff has sent correspondence to the Doe Defendants already identified by some of the ISPs in an attempt to either 1) settle with those Doe Defendants before naming and serving them, or 2) to further ascertain the merits of Plaintiff's case against those certain Doe Defendants.

Therefore, Plaintiff requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Plaintiff has received the identifying information for all Defendants.

## II. Argument

### a. Upon a Showing of Good Cause, the Court must Extend the Time for Service on Defendants.

Pursuant to Federal Rule of Civil Procedure Rule 4(m), a defendant must be served within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "a court *must* extend the time for service for an appropriate period." *Id.* (emphasis added); see also *Broyles v. Guillory*, No. 1:10–CV–01580, 2012 WL 1015768 (W.D. La. Mar. 2, 2010) ("If good Cause is shown, a court *must* extend the time for service") (emphasis in original). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause. *Id.* (citing *Henderson v. U.S.*, 517 U.S. 654, 662 (1996)).

This Court has relied on Fed. R. Civ. P. Rule 6(b) in determining the good cause standard for extending time under Rule 4(m). *Broyles*, 2012 WL 1015768, at *2.

> (b) Extending Time.
>     (1) In General. When an act may or must be done within a
> specified time, the court may, for good cause, extend time:

2

> ...
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b). Neglect is excusable merely if there is a reason, not necessarily a compelling reason, to overlook it. *Broyles*, 2012 WL 1015768, at *2. Excusable neglect requires only a demonstration of good faith on the part of the party seeking an extension and some reasonable basis for noncompliance within the time specified by the rules. *Id.*

When a complaint involves unidentified, "Doe" defendants, courts have been sympathetic in allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); *see also Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

### b. Plaintiff has Good Cause to Extend the Time Limit for Service.

Plaintiff can show both good cause and reasonable basis why it has not named and served the defendants in this case within 120 days of filing the complaint. Plaintiff's complaint was filed on January 10, 2012 and named Does 1-1,341 as Defendants. Docket No. 1. Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on January 24, 2012. *See* Docket Nos. 2, 6. Starting on February 1, 2012, Plaintiff served eight subpoenas on the non-party ISPs, and the latest production date requested was March 20, 2012 (which has yet to be met by the particular ISP).

Plaintiff has received information fully responsive to three of its subpoenas, partially response to two subpoenas, and no information as of yet in response to three subpoenas (although such data is forthcoming from the ISPs). Additionally, Plaintiff has not yet received information from a number of the ISPs due to motions to quash (or similarly styled motions) filed by certain Does. At the time of this motion, the Court has not ruled on these motions.

Further, Plaintiff has sent correspondence to the Doe Defendants already identified by some of the ISPs in an attempt to either 1) settle with those Doe Defendants before naming and serving them or, 2) further ascertain the merits of Plaintiff's case against those certain Doe Defendants, as required by such rules as Fed. R. Civ. P. Rule 11.

Accordingly, good cause and reasonable basis exists as to why Plaintiff has not yet named and served the Defendants in this case. First, Plaintiff has not yet received all of the identifying information for all Doe Defendants. Second, Plaintiff has not yet been able to ascertain the full merits of its claims against all Doe Defendants. Finally, the Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension. In addition, because Plaintiff has not yet named and served the Defendants in this case, Plaintiff is unable to seek consent to this motion pursuant to Local Rule 7.4.1.

Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the remaining ISPs and to properly determine the validity of its claims against the Doe Defendants before naming and serving them.

In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants. Again, the Doe Defendants already identified by Plaintiff

have actual notice of the claims asserted, and none of the Defendants will be prejudiced by the granting of Plaintiff's request.[1]

### III. Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case. In an abundance of caution, Plaintiff requests an additional 120 days in which to effectuate service or voluntarily dismiss this case without prejudice.

Dated: May 18, 2012

Respectfully submitted,

SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC

By: /s/ Paul A. Lesko
Paul A. Lesko – LA Bar No. 26567
One Court Street
Alton, IL 62002
Ph: 618.259.2222
Fax: 618.259.2251
Email: plesko@simmonsfirm.com
Attorney for Plaintiff 4: Twenty Media Inc.

---

[1] If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff respectfully requests that the Court either order that service be made within a specified time or dismiss the action *without* prejudice. Fed. R. Civ. P. 4(m).

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2012, I electronically filed the foregoing document via the Court's ECF, electronic email system, upon all of record as set forth below:

Eric Menhart
**LEXERO LAW**
1200 G. St. NW
Suite 800
Washington, DC 20005
202.904.2818
202.403.3436 (Fax)
Eric.Menhart@lexero.com

Local Counsel:
Tiffany Peter-Lewis
**PERKINS & ASSOCIATES**
401 Market St., Suite 900
Shreveport, LA 71101
318.540.3810
318.222.0458 (Fax)
peters-lewis@perkinsfirm.com

Christina N. Boffen, Esq.
Bar#29851 (US District Court for MD)
**The Law Office of**
**CHRISTINA N. BOFFEN, LLC**
216 N. Crain Hwy, Suite 202A
Glen Burnie, MD 21061
410.718.2929
410.747.3741 (Fax)
cboffen@gmail.com

Local Counsel:
W. Scarth Clark, Esq.
Bar #22993
**KOEPPEL TRAYLOR, LLC**
2030 St. Charles Ave.
New Orleans, LA 70130
504.598.1000

504.524.1024 (Fax)
sclark@koeppeltraylor.com

Gary K. Marshall
WSBA #15344 (US District Court, WDWA)
**LAW OFFICE of GARY MARSHALL**
9706 4th Ave., NE, Suite 320
Seattle, WA 98115
206.524.0655
206.524.1302
gmarshall@marshallcomputer.com

Local Counsel:
W. Scarth Clark, Esq.
Bar #22993
**KOEPPEL TRAYLOR, LLC**
2030 St. Charles Ave.
New Orleans, LA 70130
sclark@koeppeltraylor.com

**Nicholas Ranallo, Attorney at Law**
CA Bar #275016
371 Dogwood Way
Boulder Creek, CA 95006
831.703.4011
831.533.5073 (Fax)
nick@ranallolawoffice.com

Local Counsel:
Carlos Zelaya
**MUMPHREY LAW FIRM, LLC**
330 Oak Harbor Blvd., Suite D
Slidell, LA 70458
985.649.0709
985.649.5706 (Fax)
ezelay@mumphreylaw.com

Morgan E. Pietz
CA Bar No. 260629

THE PIETZ LAW FIRM
3770 Highland Ave, Ste. 206
Manhattan Beach, CA 90266
310.424.5557
310.546.5301 (Fax)
mpietz@pietzlawfirm.com

Local Counsel:
Christine A. Guillory
LA Bar No. 32149
FRILOT, LLC
1100 Poydras Street, Ste. 3700
New Orleans, LA 70163
504.599.8036
504.619.4989 (Fax)
cguillory@frilot.com

/s/ *Paul A. Lesko*
Attorney for Plaintiff 4:Twenty Media Inc