IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 4: Twenty Media Inc., | : |
| Plaintiff, | : No. 6:12-CV-00031-RFD-CMH |
| v. | : |
| SWARM SHARING HASH FILES<br>6D59B29B0E51E9B5B4C0F9192CE99ED5EC5457E8,<br>6FC0F9C7FQ41DC36283D5B1FA29E993EA3EC2A8,<br>F1F946C2054A0F885AC01FB07A935F4238DD391,<br>AND DOES 1-1,341, | : |
| Defendants. | : |

**MEMORANDUM IN SUPPORT OF COMBINED MOTION OF DEFENDANT JOHN DOE #609 TO DISMISS
<u>FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE</u>**

John Doe #609 (named as having IP address 173.75.219.93) ("Defendant"), by and through his Counsel, John P. Deckers and W. Scarth Clark, has moved to dismiss the Complaint for lack of personal jurisdiction and improper venue. In support of the motion, Defendant more completely sets forth the following:

**I.   NATURE AND STAGE OF THE PROCEEDINGS**

4: Twenty Media, Inc. ("Plaintiff") is a company purportedly domiciled in the Republic of Seychelles. Plaintiff alleges that he created the copyright item at issue in the instant litigation, a pornographic film entitled "Teen Anal Sluts" ("the film").[1] Plaintiff is now suing 1,341 John Doe defendants, located across the United States, for allegedly infringing upon the copyright by participating in three separate file-sharing "swarms" using BitTorrent over the course of several

---

[1] Curiously, Plaintiff apparently engaged in this business activity notwithstanding the law of the Seychelles, which prohibits even the possession of pornographic publications. Seychelles Penal Code (Amendment) Act, 1996 (No. 15 of 1996), Official Gazette, Supplement, 1996-08-12, pp. 159-169.

months during the summer of 2011. (Doc. No. 1-2).[2] On January 25, 2012, Plaintiff was granted leave to take expedited discovery prior to the Rule 26(f) conference.

John Doe #609 is a Defendant who wishes to remain anonymous. Defendant is a Delaware resident with no contacts to the forum state, Louisiana. (Exhibit A: Affidavit of John Doe 609). At the time of the alleged incident that forms the basis for this lawsuit, Defendant's Internet Service Provider ("ISP") was Verizon. According to Verizon's records, Defendant's IP address was 173.75.219.93[3] and that IP address, along with numerous others, has been alleged to be involved in the file-sharing swarm.

Plaintiff's suit is but one among a blizzard of mass copyright infringement suits that have recently swept through state and federal courts around the nation. Upon information and belief, Defendant asserts that none of these cases have been brought to trial. Instead, the plaintiffs' strategy has been (a) to collect personal identifying information concerning the various John Doe defendants via early discovery, and then (b) to send a threatening letter to each defendant alleging copyright infringement while demanding a settlement payment to dismiss the claims. The settlement payments are usually in the thousands of dollars per defendant. Chief among the coercive elements of the plaintiffs' strategy is the insinuation of public disclosure. The plaintiffs warn, barring receipt of a substantial settlement amount, that the defendant's name will appear alongside the allegations of copyright infringement of a film, the title of which is usually

---

[2] A "swarm," sometimes called a multisource or segmented downloading method, is a means by which users of BitTorrent can simultaneously download and share the same file without need of a single host.

[3] An IP address issued to an Internet subscriber is not necessarily linked to just one computer. In fact, by means of a fairly common, inexpensive wireless router, an Internet subscriber's IP address can be accessed by numerous people. Without the Internet subscriber's knowledge or consent, someone else may have joined into a file-sharing swarm. This may be true even if the Internet subscriber had attempted to secure his wireless connection with a password.

obnoxious and vulgar. *See, e.g., Pac. Century Int'l, Ltd. v. Does 1-37,* 2012 U.S. Dist. LEXIS 44368 (N.D. Ill. Mar. 30, 2012).

## II. ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over Defendant John Doe #609 and the Complaint Should, Therefore, Be Dismissed

1. Introduction

Plaintiff bears the burden of demonstrating that the Court can exercise personal jurisdiction over the nonresident Defendant upon the presentation of this Motion. *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985). Plaintiff's own Complaint concedes that a mere seven of the 1,341 Doe Defendants are *possibly* located in Louisiana; Defendant John Doe #609 in not among them. (Doc. No. 1 at 15; Doc. No. 1-2). Undeterred, Plaintiff baldly submits that this Court has appropriate jurisdiction over the remaining 99.5% of the Doe Defendants because a handful of members of the alleged file-sharing swarms were located in Louisiana at some point over the course of several months. Thus, Plaintiff argues, all of the Doe Defendants, from any state in the nation "should anticipate being haled into court in this State." (Doc. No. 1 at 15).

A federal court may exercise jurisdiction over a non-resident defendant if "(1) the long arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Mink v. AAAA Development, LLC* 190 F.3d 333 (5th Cir. 1999). Both prongs of the aforementioned test must be satisfied for personal jurisdiction to be appropriate. *Id.*

2. The Louisiana Long-Arm Statute Does Not Confer Personal Jurisdiction Over John Doe #609

A Louisiana state court may exercise personal jurisdiction over a nonresident defendant when the cause of action arises from a specific, enumerated activity in the forum state. La. R. S.

13:3201(A). The only specific activity that even remotely fits the present situation would be for the Plaintiff to argue that the nonresident defendants acted in "[c]ausing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state *if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenues from goods used or consumed or services rendered in this state.*" La. R. S. 13:3201(A)(4) (emphasis added). Defendant John Doe #609 has not directed any business or personal matters to anyone in Louisiana, let alone "regularly" as the statute requires. *See* Exhibit A. Plaintiff also fails to show that Defendant caused injury through an act or omission in this forum state as required by La. R. S. 13:3201(A)(3).

### 3. Constitutional Due Process Is Not Met

Additionally, Plaintiff has failed to meet the traditional two-part constitutional due process test. La. R. S. 13:3201(B) explains that "a court of this state may exercise personal jurisdiction over a non-resident on any basis consistent with the constitution of this state and of the Constitution of the United States." The two-part constitutional test requires the nonresident to have minimum contacts with the forum state, and balances whether requiring the defendant to litigate in the distant forum "offend[s] traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945).

In analyzing the same set of constitutional principles, the District Court in the Northern District of California previously rejected a plaintiff's argument that personal jurisdiction can be granted by virtue of a Doe Defendant's participation in a BitTorrent swarm. *Berlin Media Art v. Does 1 - 654,* 2011 U.S. Dist. LEXIS 120257 (N.D. Cal. Oct. 18, 2011). In that case, a plaintiff sued 654 defendants. The plaintiff's complaint alleged only that at least one of the 654 defendants resided in the Northern District of California. As that Court explained:

> There is nothing in the complaint that makes a prima facie showing that this court in the Northern District of California has personal jurisdiction of the doe defendants named in this case. The Court is not aware of any caselaw that suggests that this Court has personal jurisdiction over all 654 Defendants simply because "at least one" of the defendants (unidentified) allegedly happened to download the file at some point during the time period in question from a computer located in this District. As one court in this District noted, the logical extension of such an unprecedented holding "would be that everybody who used . . . BitTorrent would subject themselves to jurisdiction in every state." *On The Cheap, LLC v. Does 1-5011,* 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258 at *4 (N.D. Cal. Sep 6, 2011). "[T]his is a far cry from the requirement that 'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum State,' which is the hallmark of specific jurisdiction." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)

*Berlin Media Art v. Does 1 - 654,* 2011 U.S. Dist. LEXIS 120257 (N.D. Cal. Oct. 18, 2011).

Courts in this District have similarly held that a nonresident defendant "must not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person." *McFadin v. Gerber*, 587 F.3d 753 (5th Cir. 2009) (quoting *Electrosource, Inc., v. Horizon Battery Techs., Ltd.,* 176 F.3d 867, 871 and *Rudzewicz*, 471 U.S. (1985)). Even if a Doe Defendant joined into a BitTorrent swarm to share Plaintiff's file, he would still only connect to other swarm members on a purely random basis with no foreknowledge that any of them would be located in Louisiana.

Plaintiff's flimsy premise with respect to these hurdles is that "by copying from and distributing to Louisiana Defendants, Defendants nationwide purposefully availed themselves to the jurisdiction of this court and should anticipate being haled into court in this State." (Doc. No. 1 at 15). Yet because only seven of the alleged infringers had IP addresses in Louisiana over the course of several months in the summer of 2011, Plaintiff cannot establish that each nonresident Doe Defendant actually engaged in file-sharing with a Louisiana resident, either willingly or entirely at random.

4. Conclusion

Even if each nonresident Doe Defendant was linked to a swarm involving a Louisiana Doe Defendant, this connection is made entirely at random, without the BitTorrent user's foreknowledge and without his control, and would be precisely the sort of "random," "fortuitous," or "attenuated" contact that Courts in this District have found inadequate for purposes of personal jurisdiction. By way of example, Plaintiff could just as easily, under the same set of facts and legal theories, assert that a Federal Court in Hawaii has personal jurisdiction over all Doe Defendants for at least one IP address was allegedly located in that State. As Plaintiff has failed to demonstrate that personal jurisdiction is appropriate in this forum, the Complaint against Defendant John Doe #609 should be dismissed.

B. **The U.S. District Court for the Western District of Louisiana is an Improper Venue for this Action and the Complaint Should, Therefore, Be Dismissed**

Closely related to the question of personal jurisdiction is whether this Court is the proper venue for this particular action. Pursuant to the Copyright Act, "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). As set forth above, Plaintiff does not and cannot allege that Defendant John Doe #609 can be found in this district. (Doc. No. 1-2; Exhibit A (setting forth that Defendant is a Delaware resident)). Thus, venue is not proper under § 1400.

Moreover, in a federal question case, venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Nothing in the Plaintiff's Complaint, however, suggests that Plaintiff, a Seychellois company, has a good faith basis for alleging that a substantial part of the events or omissions

occurred in this District. To the contrary, the Amended Complaint intimates that merely seven of the 1,341 Doe Defendants reside in this State; Defendant John Doe #609 is not among them. With these facts, a "substantial part of the events" forming the basis of this litigation can hardly be said to have occurred in this District of Louisiana. Thus, the Complaint against Defendant John Doe #609 should be dismissed, as venue is improper.


Respectfully submitted,


| | |
|---|---|
|   */s/ John P. Deckers* |   */s/ W. Scarth Clark* |
| John P. Deckers, Esquire | W. Scarth Clark, Esquire |
| DE Bar # 3085 | LA Bar # 22993 |
| JOHN P. DECKERS, P.A. | KOEPPEL TRAYLOR |
| 800 N. King Street, Suite 303 | 2030 St. Charles Ave. |
| Wilmington, DE 19801 | New Orleans, LA 70130 |
| 302-656-9850 | 504-598-1000 |
| Fax: 302-656-9836 | Fax: 504-524-1024 |
| john@johndeckerslaw.com | sclark@koeppeltraylor.com |


DATED: May 25, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that, on May  25 , 2012, I caused a true and correct copy of the foregoing **Combined Motion of Defendant John Doe #609 to Dismiss for Lack of Personal Jurisdiction and Improper Venue** and **Memorandum in Support of** same to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all registered parties including Plaintiff, 4:Twenty Media, Inc.

  /s / W. Scarth Clark

W. Scarth Clark, Esquire
Bar # 22993
Koeppel Traylor
2030 St. Charles Ave.
New Orleans, LA  70130
504-598-1000
Fax:  504-524-1024
sclark@koeppeltraylor.com