IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 4:Twenty Media, Inc. | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: 6:12-cv-00031 |
| Does 1-1,341 | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO DISMISS FOR IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION AND MOTION TO DISMISS OR SEVER FOR MISJOINDER OR IN THE ALTERNATIVE MOTION TO QUASH THE SUBPOENA OF JOHN DOE # 576**

Doe # 576 (IP address 71.170.111.171) ("Defendant"), by and through counsel Christina N. Boffen and The Law Office of Christina N. Boffen, and W. Scarth Clark of the firm of Koeppel Traylor, hereby moves to dismiss for improper venue and lack of personal jurisdiction and moves to dismiss or sever for misjoinder.  Alternatively, Defendant moves to quash the subpoena directed to Verizon in the instant case.  Defendant states the following in support thereof:

**I.     BACKGROUND**

4:Twenty Media, Inc. ("Plaintiff"), filed its Complaint alleging that Does 1-1,341 violated its copyright to the video production titled "Teen Anal Sluts," ("the Work").  The Court granted Plaintiff's request to take discovery on January 24, 2012.  To uncover Defendants' identifying information, Plaintiff issued subpoenas to Defendants' Internet Service Providers (ISPs), including Defendant's ISP, Verizon.  Plaintiff utilizes an Internet Protocol (IP) address to

identify each of the alleged infringers. Defendant was identified by IP address 71.170.111.171. Before revealing Defendant's identifying details, including name and address, Verizon alerted Defendant with notice of the Plaintiff's subpoena.

Plaintiff's Complaint is ostensibly about the protection of Plaintiff's copyright to the Work, however this litigation is just one of countless actions brought by this Plaintiff and other similar Plaintiffs claiming copyright protection for pornographic films.  To your Defendant's knowledge and belief, very few of these similar actions have ever been brought to trial.

The fact that few similar cases have been brought to trial is significant.  It evidences the real purpose of these suits: not to enforce copyrights, but to bully Defendants, such as John Doe #576, into financial settlements to avoid being publicly associated with a pornographic video company and avoid being publicly accused of illegally downloading pornography.

## II.     DEFENDANT SHOULD BE DISMISSED FOR IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION

### A. VENUE IS IMPROPER

Claims brought under the Copyright Act are governed by 28 U.S.C. § 1400(a): "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found."

Defendant John Doe #576 cannot be "found" in Louisiana.  He neither works nor resides in Louisiana.  He does not conduct business of any kind in Louisiana.  He is a permanent resident of another state and is employed in another state.  Therefore, venue for a copyright infringement suit against Defendant John Doe # 576 is not proper, and Defendant should accordingly be dismissed.

## B.  THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER JOHN DOE #576

John Doe #576 is absolutely not subject to personal jurisdiction in any Louisiana court, including the U.S. District Court for the Western District of Louisiana. Plaintiff has not offered any evidence that John Doe #576 should be subject to the jurisdiction of this court. "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985).

In the instant case, the plaintiff should know that jurisdiction is improper by virtue of an IP address locator search. In fact, via a simple publicly available IP address query, anyone can determine that IP address 71.170.111.171 is assigned to Verizon in Texas. *See* http://www.whatismyipaddress.com. Plaintiff used a similar IP search to identify which internet service provider to issue this subpoena, so Plaintiff should be aware of the approximate location of this IP address. Defendant argues that these IP address records are more than sufficient to demonstrate that jurisdiction is not proper in this court.

### *DEFENDANT IS NOT SUBJECT TO LOUISIANA'S LONG ARM STATUTE*

John Doe #576 is not subject to this court's jurisdiction even under the Louisiana long-arm statute:

> "A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law… The state court or federal court sitting in diversity may assert jurisdiction if: (1) the state's long arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the 14th amendment to the U.S. Constitution.

*Cycles, Ltd. v. W.J. Digby, Inc.* 889 F.2d 612, 616 (5th Cir. 1989).

The Louisiana long-arm statute states that:

> "A.) A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
> (1) Transacting any business in this state.
> (2) Contracting to supply services or things in this state.
> (3) Causing injury or damage by an offense or quasi-offense committed through an act or omission in this state.
> (4) Causing injury or damage in this state by an offense or quasi offense committed though an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
> (5) Having an interest in, using or possessing a real right on immovable property in this state.
> (6) Non-support of a child, parent, or spouse, or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
> (7) Parentage and support of a child who was conceived by the nonresident while he resided or was in this state.
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
> B.) In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States."

*La. Rev. Stat. Ann. §* 13:3201.

Defendant does not transact any business in this state, and does not contract to supply any services or things in this state. Defendant has not caused injury or damage by any offense or quasi-offense through any act or omission in this state. Defendant does not have any interest in, nor does he possess any real right to immovable property in this state. In short, Defendant is not subject to this court's jurisdiction through any of the activities listed above in *La. Rev. Stat. Ann. §* 13:3201.

As previously mentioned, Louisiana's long-arm statute extends jurisdiction to the constitutional limits of due process. *La. Rev. Stat. §* 13:3201(B); *Burstein v. State Bar of*

*California,* 693 F.2d 511, 517 (5th Cir. 1982). To comport with the requirements of due process, Defendant must have minimum contacts with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The exercise of long-arm jurisdiction in this case would certainly not comport with the Due Process Clause of the Fourteenth Amendment. The Defendant's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into Court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). As stated previously, Defendant has no business ties or residential ties to Louisiana, and has not been shown to have any other contacts with Louisiana. Thus, it is certainly unreasonable for Plaintiff to argue that Defendant could reasonably anticipate being haled into court in Louisiana. Plaintiff does not provide any support for their argument that since some of the Defendants in this case reside in Louisiana, all of the Defendants "should anticipate being haled into court in this state." *See Complaint ¶ 3.*

### ***DEFENDANT OFFERS TO PROFFER EVIDENCE IN CAMERA***

Plaintiff may argue that Defendant's identity must be revealed before such a determination of personal jurisdiction can be made. For this reason, this Defendant is willing to proffer evidence of his identity, residence and employment *in camera* to this court. Defendant asks the court to consider the following in consideration of an *in camera* review of Defendant's evidence:

Defendant has a theory as to the reason Plaintiff has chosen this venue to litigate this claim of copyright infringement when there is obvious evidence of Defendant's residence in another state. Defendant believes that Plaintiff chose this improper venue in the hopes that Defendant would either choose not or be unable to object to his identity being revealed in this distant venue. Thus, Plaintiff would easily be able to obtain Defendant's identifying information

and then pursue him in the appropriate court. Plaintiff knows that any Defendant would be much more likely to defend himself against the subpoena in his own state. In an improper venue, Plaintiff can always easily argue that Defendant's identifying information must be revealed to verify lack of personal jurisdiction, while Plaintiff plans to actually use this easily acquired identifying information against Defendant in his home state. Indeed, Plaintiff has already stated via its attorney to Defendant's attorney that when Defendant's identity is revealed, he will be pursued by Plaintiff in his home state. So, Defendant can only conclude Plaintiff is trying to use this court as a vessel to unfairly obtain Defendant's identifying information.

Therefore, Defendant prays this court to review his identifying information *in camera*, to verify that John Doe #576 is not subject to this court's jurisdiction, and to avoid unfairly helping Plaintiff by supplying Defendant's identifying information.

Defendant cannot be "found" in Louisiana, he neither works nor resides in Louisiana, and has not been shown to have any "minimum contact" with Louisiana state. Accordingly, this court does not have personal jurisdiction over Defendant John Doe #576, and he should be dismissed from this case.

### III.     DEFENDANT SHOULD BE DISMISSED DUE TO MISJOINDER

If not dismissed from the instant case for lack of personal jurisdiction, Defendant should be severed or dismissed, in accordance to *Fed. R. Civ. P.* 21 for improper joinder. The Federal rules permit joinder only if:

- A.  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
- B.  any question of law or fact common to all Defendants will arise in the action.

*Fed. R. Civ. P.* 20(a)(2).

Joinder is not necessary, even if these requirements are satisfied. The Court may choose to instead order separate trials to protect a party against "embarrassment, delay, expense, or other prejudice." *Fed. R. Civ. P.* 20(b). Severance may occur on the court's motion or a party's motion. *Id*.

The facts in this case do not support joinder based on Federal Rule 20(a). "The claims against the different defendants will require separate trials as they may involve separate witnesses, different evidence, and different legal theories and defenses, which could lead to confusion of the jury…. Moreover, the Court finds that there will almost certainly [be] separate issues of fact with respect to each Defendant. *BMG Music v. Does 1-203,* No. Civ. A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. 2004). This is sure to be the situation in the instant case, which attempts to join a staggering number of defendants.

Plaintiff argues in this case that Defendants were connected by the same transaction because the Defendants allegedly participated in three "swarms." *See Complaint ¶ 5.* The swarm joinder theory (alleging that Doe Defendants were coordinated in their actions) "has been considered by various district courts, the majority of which have rejected it." *Raw Films v. Des 1-32,* No. 1:11-CV-2939-TWT, 2011 WL 6840590, at *2 (N.D. Ga. 2011). "Downloading a work as a part of a swarm does not constitute 'acting in concert' with another, particularly when the transaction happens over a long period." *Raw Films* at *2. "Passively allowing another individual to upload a piece of a file is a far cry from the 'direct facilitation' plaintiffs would have this court find." *Cinetel Films, Inc., et al v. Does 1-1052,* No. 11-cv-2438-JFM (D. Md. 2012). The court in *Cinetel* went on to sever all but one Defendant.

7

The *Cinetel* court stated that even if the Plaintiff were able to satisfy Rule 20(a)(2) for joinder, the court would still "sever the Doe defendants based on [the court's] discretionary authority under Rule 20(b) because allowing joinder here is inefficient, raises significant manageability problems, and is unduly prejudicial to the defendants… This court conversely, finds that severance best promotes judicial economy." *Cinetel* at *13. Joinder in these cases "fails to promote trial convenience and expedition of the ultimate determination of the substantive issues" because even though numerous defendants might have participated in similar behavior, they are likely to present different defenses. *Digital Sin, Inc. v. Does 1-5698,* 2011 WL 5362068 at *4. The huge burden of a trial of this kind "completely defeats any supposed benefit from the joinder of the Does… and would substantially prejudice defendants and the administration of justice." *Hard Drive Productions, Inc. v. Does 1-188,* 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011).

Most of the above cited cases where the courts did not support joinder involved a single "swarm." Nonetheless, Plaintiff in this case attempts to argue that *three separate* swarms were somehow coordinated in their activity. *See Complaint ¶ 5.* If numerous courts have found that a single swarm did not support joinder, this court should certainly find that three swarms of defendants cannot support joinder.

Plaintiff also argues in this case that Defendants acted in concert because their "swarms" all participated in downloading/uploading three "hash-files." *See Complaint ¶ 17.* It is commonly known that the hash mark of an electronic file is a "digital fingerprint." Thus, Plaintiff is arguing that Defendants not only traded the same "Work," but *three separate files* representing that Work. Many of the courts cited above rejecting joinder were considering cases involving a single hash file. If numerous courts have rejected joinder based on a single hash-

8

file, this court should certainly find that three swarms sharing three different hash files cannot support joinder.

"Courts may also consider factors such as the motives of the party seeking joinder and whether joinder would confuse and complicate the issues for the parties involved." *SBO Pictures, Inc. v. Does 1-3036,* 11-cv-4220, (SC) 2011 WL 6002620, at *3 (N.D. Cal. 2011). This court should seriously consider the apparent motive of the Plaintiff seeking joinder in this case, which is to use the specter of litigation as a front for extortion of settlement monies from the Defendants. Joinder in this case would be especially confusing for the parties involved and would certainly complicate the issues.

Plaintiff's argument that three separate swarms allegedly engaged in downloading and uploading three separate files can be joined is improper. The Plaintiff in this case has failed to meet Rule 20's two prong test for permissive joinder. Plaintiff has not adequately demonstrated that Defendants were engaged in the same transaction involving the same question of law or fact common to all Defendants. Therefore, Plaintiff's joinder of the Doe defendants is improper. Defendant John Doe #576 should be accordingly dismissed or severed.

## IV. THE SUBPOENA MUST BE QUASHED

Federal Rule of Civil Procedure 45(c)(3)(a) states that a court must quash a subpoena that subjects a person to an "undue burden." A court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). The court determines what constitutes an "undue burden" by considering "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity

with which the documents are described and the burden imposed." *Flatow v. Islamic Republic of Iran,* 196 F.R.D. 203, 206 (D.D.C. 2000).

The subpoena in the instant case will most certainly subject Defendant to an undue burden. Plaintiff only presents evidence linking the alleged download to Defendant's IP address. Plaintiff does not present sufficient evidence indicating that Defendant was the *individual* who executed the alleged illegal download of the "Work." Any individual permissibly or impermissibly using Defendant's wireless Internet service could have executed the alleged download.

Some courts have denied a similar Plaintiff's requests for pre-service discovery, finding that "Plaintiff's sought-after discovery, as designed, has potential to draw numerous innocent internet users into the litigation, placing a burden upon them that outweighs Plaintiff's need for discovery." *Pac. Century Int'l, Ltd. v. Does 1-101,* CV-11-2533 (DMR), 2011 WL 5117424 at *2 (N.D. Cal. Oct. 27, 2011). The *Pac. Century* court also found that a first round of discovery might only lead to additional rounds of discovery if the owner of the IP address was not the infringer, which the Court found cut against finding good cause for the first round of discovery. That court additionally stated that this invasive discovery could lead to abusive settlement practices. "Nothing prevents Plaintiff from sending a settlement demand to the individual that the ISP identifies as the IP subscriber. That individual – whether guilty of copyright infringement or not – would then have to decide whether to pay money for legal assistance, or pay the [settlement] money demanded." *Id.*

"This potential for abuse is heightened given the potentially embarrassing material at issue." *VPR Internationale v. Does 1-1017,* 2011 U.S. Dist. LEXIS 64656 (C.D. Ill. 2011). The lack of a perfect correlation between IP addresses and Doe defendants "gives rise to the potential

10

for coercing unjust settlements from innocent defendants." *Digital Sin, Inc. v. Does 1-176,* CV-12-00126, 2012 WL 263491, at *1 (S.D.N.Y. Jan 30, 2012). Due to the pornographic nature of the download in question, the release of Defendant's personal information risks a substantial and almost certainly permanent injury to Defendant's reputation, and risks subjecting Defendant to the time, expense, emotional distress and humiliation of defending against a baseless and embarrassing lawsuit. If Defendant is publicly accused of illegally downloading pornography, Defendant may be permanently affected and stigmatized. Defendant's business relationships, career, family ties, and social ties may be irreparably impacted by the mere public allegation of such an offense.

>Plaintiff should acknowledge the fact that:
>
>"IP subscribers are not necessarily copyright infringers.... [while] an IP address might actually identify an individual subscriber and address the correlation is still far from perfect... The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."

*VPR Internationale*, (C.D. Ill. 2011). It is absolutely impossible for Verizon or Plaintiff or anyone else to determine from an IP address (a) what type of device was connected to the Internet connection of Defendant on the date in issue, (b) who was using the device on that date, (c) who was aware of the use of that device on that date, or (d) the physical location of any device that was linked to that IP address on that date.

Most of the ISP subscribers in these cases are not infringing Plaintiff's copyrighted works. Therefore, Plaintiff should not be permitted to unduly burden or harass alleged infringers. This case is, as the *VPR Internationale* court stated, "a fishing expedition by means of a perversion of the purpose and intent of class actions." Accordingly, the subpoena referencing Defendant should be quashed.

## V. CONCLUSION

Having stated the foregoing, Doe Defendant #576 should be dismissed for improper venue and lack of personal jurisdiction, and dismissed or severed from the above-captioned case based on misjoinder. Alternatively, the subpoena should be quashed.

Respectfully submitted,

| | |
|---|---|
| */s/ Christina N. Boffen* | */s/ W. Scarth Clark* |
| | |
| Christina N. Boffen, Esq. | W. Scarth Clark, Esq. |
| Bar #29851 (U.S. Dist Ct for MD) | Bar #22993 |
| The Law Office of | Koeppel Traylor |
| Christina N. Boffen | 2030 St. Charles Ave. |
| 216 N. Crain Hwy | New Orleans, LA 70130 |
| Suite 202A | (504) 598-1000 |
| Glen Burnie, MD 21061 | Fax: (504) 524-1024 |
| (410) 718-2929 | sclark@koeppeltraylor.com |
| Fax: (410) 747-3741 | |
| cboffen@gmail.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May 2012, a copy of the foregoing was electronically submitted by W. Scarth Clark of Koeppel Traylor to the CM/ECF system which will send notification of such filings to 4:Twenty Media, Inc.

*/s/ W. Scarth Clark*
_____
W. SCARTH CLARK