

**SIMMONS**
ATTORNEYS AT LAW

Simmons Browder Gianaris Angelides & Barnerd LLC

From the Desk of
Paul A. Lesko (IL, MO, LA)

██████, 2012

██████
██████

RE: **INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. PA0001747417**
**For Settlement Purposes Only**
**Inadmissible Under Federal Rules of Evidence Rule 408**

    Civil Action Name:    4 Twenty Media Inc. v. Does 1-1,341
    Docket Number:    WDLA: Case No. 6:12-cv-00031-RFD-CMH
    Your IP Address:
    Date and Time of Alleged Infringement:
    **Your Unique Identifier:**

Dear ██████

Our law firm has filed a copyright infringement lawsuit in the U.S. District Court for the Western District of Louisiana on behalf of our client 4:Twenty Media Inc. The suit was filed against 1,341 "John Doe" Defendants who were identified unlawfully uploading a pirated version of the movie "Teen Anal Sluts" over the Internet through the use of BitTorrent file-sharing protocol. At the time of filing, our technical agent was in possession of certain evidence about those involved in the unlawful transfer of the pirated version of "Teen Anal Sluts" including: 1) the IP addresses of the individuals involved in the transmission, 2) the time of transfer and 3) the Internet Service Provider (ISP).

Specifically related to you, we were able to determine that on ██████, your IP Address ██████, assigned to you on this date by your ISP, ██████ to transfer our client's movie, "Teen Anal Sluts", (under the file name Teen.Anal.Sluts.Orgasm.Ecstasy.XXX.DVDRip.XviD-PPG) through hash file (which identifies the pirated version of "Teen Anal Sluts" you transferred) F1F946C2054A0F885AC01FB07A935F4F238DD391 to others.

After filing this action, the Western District of Louisiana granted us permission to conduct expedited discovery from the ISPs, so that we could determine the name and address of the infringers from the above information. As you are likely surmising, your contact information was supplied to us by ██████ ██████ who unlawfully shared our client's movie on ██████.

www.simmonsfirm.com

| Headquarters | Missouri | Illinois | California |
|---|---|---|---|
| One Court Street  800 479 9533 | 231 South Bemiston  800 479 9533 p | 230 W. Monroe  312 759 7500 p | 100 N. Sepulveda Blvd.  310 322 3555 p |
| Alton, IL 62002  618 259 2222 p | Suite 525 | Suite 2221  312 759 7516 f | Suite 1350  310 322 3655 f |
|   618 259 2251 f | St. Louis, MO 63105 | Chicago, IL 60606 | El Segundo, CA 90245 |

You can learn more about this case and see court documents at **www.copyrightguardiangroup.com**. You can use your Unique Identifier, listed above, to access this website.

As you can see, the evidence we have in our possession against you is quite compelling.

The next step in this action will be for us to amend the complaint in order to personally name you and the other John Doe defendants. After that we will proceed against you by taking discovery and then seeking a judgment against you at either summary judgment or trial. However, prior to undertaking these more formal legal actions, we are sending you this letter as a courtesy to see if we can resolve this dispute more amicably.

Copyright infringement is an unlawful act. The Copyright Act (17 U.S.C. §§ 501-506) allows the copyright owner to bring an action against you for damages of between $750 and $150,000 per infringing work, to obtain from you its own attorneys' fees accrued in enforcing the copyright, and to seize the illegally transferred materials (depending on the circumstances surrounding the infringement).

While it is too late to undo the unlawful file sharing you have already done, we have prepared an offer that would allow our client to recoup the damages incurred by your actions, and defray the costs of preventing this type of activity in the future. In exchange for release of all claims which will enable you to avoid becoming named in this action, our firm is authorized to accept the sum of $3,500 as full settlement for these claims.

Please be advised that this offer expires at 5pm EST on May 1, 2012. You may pay the settlement amount in one of two ways:

- Check made payable to **The Simmons Firm** mailed to One Court Street, Alton, Illinois 62002, please include your Unique Identifier, listed above, in the memo line on the check; OR
- Call us at **855-406-9553** to process a credit card payment over the telephone.

Once we have processed your settlement payment, we will 1) send you a confirmation that your payment has been processed; 2) send you a signed release; and 3) move to dismiss you from the lawsuit. In addition to paying the $3,500 settlement, you must also delete the file from the shared folder or location within three (3) days of making the settlement payment.

If you choose not to settle by May 1, 2012, we will have you personally named in the suit, and proceed directly against you. If forced to do so, we will seek to recover the maximum amount of fees provided under the Copyright Act for copyright infringement, which is up to $30,000 per illegally transferred file, plus attorneys' fees and costs of litigation. Given that you were engaged in unlawful P2P activity, we will also seek to prove your actions were willful, under which we can seek a maximum statutory damages of $150,000, plus attorneys' fees and costs.

We feel that in light of the verdicts awarded in recent cases, our client's $3,500 settlement offer is extremely reasonable. For example, in the case of *Sony BMG Music Entertainment v. Tenenbaum* (D. Mass.), a jury awarded Sony $675,000 due to a graduate student's unlawful downloading and sharing of 30 songs (which works out to $22,500 per song). This judgment was recently upheld by the First Circuit Court of Appeals. Given judgments like this, we feel a $3,500 payment is more than fair.

Also, should you reject our offer, please be advised that we demand that you do not delete any media files from your computer because such materials will be requested by us, and therefore need to be produced by you, during this case. Should you engage in the deletion of any such evidence in your computer or possession, you could be found to have spoliated evidence, which could allow for us to receive additional damages.

In view of the above, we encourage you to consult with an attorney regarding your rights and risks in this matter.

We thank you in advance for your anticipated cooperation in this matter, and look forward to resolving this action against you amicably.

Sincerely,

*[signature]*

Paul A. Lesko
Attorney at Law

Enclosure

# Frequently Asked Questions

### *Why am I receiving correspondence regarding this lawsuit?*

Our client owns a copyright in a work that has been unlawfully infringed on the internet through the BitTorrent file-sharing protocol. As explained in the complaint, the IP addresses of a number of internet users who both downloaded (copied) and uploaded (shared) a file containing the copyrighted work were tracked. We provided these IP addresses to Internet Service Providers (ISPs) (such as Verizon and Comcast), who linked each IP address to the name and address of their customer using that IP address. Your ISP linked your name and address with an IP address that infringed our client's copyrighted work through the BitTorrent file-sharing protocol.

### *What is an IP address?*

An IP address is a distinct numerical identifier assigned to a device that uses the internet. In a sense, an IP address serves as a unique fingerprint for an internet user. At any one time, there can be no two identical IP addresses.

### *Why am I involved in this lawsuit if my computer/router shows a different IP address than the IP address that links me to this lawsuit?*

ISPs assign either dynamic or static IP addresses. Dynamic IP addresses change over time, while static IP addresses stay the same. Most internet users are assigned dynamic IP addresses; usually only businesses have static IP addresses. If you have a dynamic IP address, your IP address changes at different times. ISPs, however, will still keep a record of what your IP address was over time, even at particular dates and times. Our client tracked the specific date and time your IP address offered the copyrighted work for upload, so it was simply a matter of asking the ISP who was using that IP address at that particular date and time. Your ISP identified you.

### *What are the penalties for copyright infringement?*

The penalties for copyright infringement are multi-tiered and complex. Simply, each individual found guilty of copyright infringement can be penalized for an amount ranging anywhere from 1) the damages suffered by the copyright owner to 2) a statutorily provided amount that could be as high as $30,000. The penalties can range even higher if the copyright owner can prove that the infringer knew he or she was infringing a copyright. In this case, the statutory damages can be as high as $150,000.

### *Can I just delete the work and make this all go away?*

No. Deleting or removing the files that were unlawfully downloaded while this action is pending against you could be a serious offense called spoliation of evidence. If you do remove the file, and the case against you progresses to discovery, in most cases we would still be able to track that your computer held the file and that you deleted the file.

*I know that I personally didn't download this work. What could have happened?*

Your ISP linked your name and address with an IP address that infringed our client's copyrighted work. Regardless of your individual involvement in any download, someone accessed your IP address (and thus your account) and used this resource to download the copyrighted work. Perhaps it was a guest or family member who accessed your IP address for the unlawful download. Our interest is in tracking down the infringer of our client's copyrighted work and to put a stop to the ongoing infringement. We have the tools to work with you to determine who infringed our client's work.

*How do I settle? What happens if I settle?*

We are willing to settle for a reasonable amount at this time. As time progresses and our law firm devotes further resources toward enforcing our client's copyright, our settlement demand will naturally increase. Please see our payment authorization form for payment options. Upon receipt of payment and confirmation that the file(s) has been deleted from your computer, we will send you a signed release and we will dismiss you from the action. At that point, the case against you will be closed.

*Will my identity remain anonymous if I settle?*

Those who settle early in the lawsuit will avoid being named personally.

*Should I get a lawyer?*

The decision to retain legal counsel is a personal one. Please remember, we are not your lawyers, and in fact we represent the plaintiff in this action so our interests are directly adverse to your own. It is our recommendation that you discuss this matter with a lawyer.