Case 6:12-cv-00031                         Filed 5/20/12

RECEIVED

MAY 2 9 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

4:TWENTY MEDIA INC.                          CASE NO. 6:12-cv-00031

Plaintiff,

v.

JOHN DOES 1-1341,

Defendants.

_____/

## MOTION TO DISMISS/SEVER AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA

John Doe 916, by counsel *pro se*, and pursuant to Federal Rules of Civil Procedure 20, 26, and 45 moves to dismiss/sever for improper joinder. In the alternative, John Doe 916 moves to quash the third-party subpoena and/or for a protective order.

## INTRODUCTION

1)      Plaintiff alleges that Defendant John Doe 916, along with hundreds of other unrelated Doe defendants, infringed on Defendant's copyright through an Internet Protocol ("IP") address allegedly belonging to John Doe 916 and the various other Doe defendants. Plaintiff's Subpoena Duces Tecum (the "Subpoena") requests third-party ISP, Comcast Cable Holdings, LLC ("Comcast"), to disclose identifying personal information of John Doe 916, as well as hundreds of other Defendants. (See Exhibit "A"). As explained below, the Court should sever and dismiss the Defendants for improper joinder, and require that Plaintiff re-file the severed cases, if it chooses to do so, in the appropriate venue. Alternatively, the Court should quash the subpoena and/or issue a protective order precluding Plaintiff from pursuing such burdensome discovery.

1

2)      Cases such as this have been filed all over the country. The various plaintiffs do not
initiate the case with the intention of litigating the matter, but rather, their lawyers hope to take
advantage of the threat of statutory damages and the stigma associated with downloading
pornographic movies to induce the hundreds of potentially innocent individual defendants to
settle their cases for an amount specifically designed to be less than the amount needed to retain
counsel.

3)      Plaintiff's motion to compel Internet Service Providers ("ISP's") to supply private and
personal information relating to their subscribers is part and parcel of this systematic extortion of
individual Internet users that raises serious questions of fairness, due process and individual
justice.

4)      A review of the case law reveals that the various similar plaintiffs filing identical lawsuits
against thousands of defendants across the country have received negative rulings, all within the
past year. Plaintiff disregards this substantial body of case law in hopes that this Court will
ignore that precedent. It should not.

5)      Plaintiff's request for personal information is overbroad, unreasonable, unduly
prejudicial, not reasonably calculated to lead to the discovery of admissible evidence and sought
for the purposes of annoyance, embarrassment, harassment, oppression, and undue burden and
expense in violation of the Federal Rules of Civil Procedure.

6)      Accordingly, Plaintiff is not entitled to the relief sought for the following three reasons:

        a.      **FIRST**, the joinder of hundreds of Defendants per action is improper under
Federal Rule 20(a), and runs the enormous risk of denying individual justice to those sued.

        b.      **SECOND**, Plaintiff's effort to identify potential infringers through an IP address
is overbroad, unreasonable, and not reasonably calculated to lead to the discovery of admissible
evidence. The personal information associated with a single IP address only identifies a
subscriber to the ISP's services, which could be an innocent person whose Internet access was
abused by a neighbor, roommate or other person in close proximity. It does not identify a

potential infringer.

Plaintiff's subpoena should be quashed for the additional reason that it is solely sought for the purpose of annoyance, embarrassment, harassment, oppression, and undue burden or expense. Plaintiff has no intention of litigating this matter, but rather seeks to engage in a mass effort to extort settlements from potentially innocent individuals under a threat of statutory damages and the stigmatization of being associated with adult films.

7)    John Doe 916 requests that the Court sever the Defendants. Furthermore, John Doe 916 requests that the Court issue a protective order and/or quash the Subpoena.

## ARGUMENT

### I.    Plaintiff's Joinder of 1341 Unrelated Defendants in this Action is Improper

In its Complaint, Plaintiff improperly joined as Defendants 1341 unrelated individuals. This strategy is consistent with factually identical cases filed all over the country attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions. In almost every instance, the pertinent court determined that joinder was improper and severed and dismissed all but the first defendant.[1] It is clear that Plaintiff is now hoping to get a contrary ruling in this Court. However, there is no basis for this approach. A favorable ruling to the Plaintiff will almost certainly result in an avalanche of filings in this District naming thousands of defendants in actions initiated by every lawyer representing the adult entertainment industry who seeks to perpetuate the current legal strategy.

---

[1] See, e.g., Liberty Media Holdings, LLC v. BitTorrent Swarm, 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants sua sponte); Liberty Media Holdings, LLC v. BitTorrent Swarm, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants sua sponte); AF Holdings, LLC v. Does 1-97, No. C11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); Hard Drive Productions, Inc. v. John Does 1-30, No 2:11ev345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97); BMG Music v. Does 1-203, No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); LaFace Records, LLC v. Does 1-38, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D. N.C. Feb. 27, 2008) (severed lawsuit against 38 defendants); BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (court sua sponte severed defendants).

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance." *AF Holidngs, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011). Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons: (1) Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience.

a.   **Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder**

Plaintiff's sole alleged basis for joinder – its explanation of the "BitTorrent Protocol" – is meritless. In fact, nothing in the BitTorrent Protocol creates a relationship amongst the hundreds of Defendants residing in all different parts of the country. As one court concluded just four months ago in an identical case:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to the downloading by an of the Does 1-188. ... The bare fact that a Doe clicked on a command to participate in the Bit Torrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world.

*Hard Drive Prods., Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal. Aug. 23, 2011); *On the Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

Plaintiff attempts to create the illusion that Defendants made a concerted effort stating that "Defendants have traded (uploaded and downloaded) the exact same file of the copyrighted works in related transactions through torrent software." (See Complaint ¶ 5). This

4

representation is misleading. Even though Plaintiff claims that Defendants downloaded the same
file, it has not alleged that Defendants exchanged any piece of the relevant file with each other or
actually acted in concert with one another. *See, e.g., MCGIP, LLC v. Does 1-149*, 2011 U.S.
Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff
failed to show that and of the defendants actually exchanged any piece of the seed file with
another); *Boy Racer v. Does 2-52*, 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug. 5, 2011)
(finding misjoinder where the plaintiff did not plead facts showing any particular defendant
illegally shared the plaintiff's work with any other particular defendant). This clear lack of
concerted effort on the part of the Defendants is dispositive of Plaintiff's joinder argument.[2]

   **b.**   **Joinder Undermines Judicial Economy**

   Joinder is also improper because it would cause severe practical problems. As one court
discussed, the disparity in factual scenarios can be great: one defendant might be an innocent
parent whose internet access was abused by her minor child, while another defendant might
share a computer with a roommate who infringed Plaintiff's works, and others might be actual
thieves. *BMG*, 2004 WL 953888, at 1 ("[w]holesale litigation of these claims is
inappropriate…"). "The manageability difficulties, procedural inefficiencies, and likelihood that
Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century
Int'l, Ltd. v. Doe*, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet-based
copyright infringement case with at least 101 defendants would prove a logistical
nightmare."). Allowing joinder in this case would involve two hundred and eight defendants,
each potentially proceeding with counsel or pro se, and eight additional ISP's; who may also
participate in this case. See, e.g., *Hard Drive Productions v. Does 1-188*, 2011 U.S. Dist. LEXIS

---

[2] Any argument that the joinder issue can be resolved at a later state in the litigation is also without merit. Hard Drive Productions
v. Does 1-87, No. C-11-02333 JCS, 2011 U.S. Dist. LEXIS 119028, *3-4 (N.D. Cal. Oct. 14, 2011) ("it is highly unlikely that
[this court] would permit such extensive discovery and invasive discovery of nonparties to determine the identify of the Doe
Defendants.")

94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials).[3]

**II.     Plaintiff's Subpoena is Improper and Must be Quashed**

 Plaintiff's Subpoena must be quashed because it is overly broad and unreasonable and was issued for the sole purpose annoying, harassing, embarrassing, and causing undue burden and expense.

 **a.     Plaintiff's Subpoena Seeks Information Relating to Innocent Individuals**

 Plaintiff's Subpoena improperly seeks information relating to IP addresses of individuals that potentially have nothing to do with any infringement activities. Plaintiff improperly suggests that each Defendant is tied uniquely to a specific IP address. (See Complaint ¶¶ 5, 7). This is not the case.

 An IP address can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena. Indeed, Plaintiff's inaccurate portrayal of the facts required to identify infringers was exposed in separate suit just three months ago, *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011). After issuing a substantially identical subpoena and representing to the court that each IP address corresponds to a defendant, the plaintiff there was forced to admit that this information was legally insufficient, and is really just the starting point for a far more invasive investigation. In rejecting that plaintiff's attempt to expand its discovery beyond its initial representations, the court quoted the key admissions in the

---

[3] In the event that the Court severs and dismisses the Defendants, it should also require that Plaintiff only re-file in this Court if venue is proper.

plaintiff's argument as follows:

> 'While Plaintiff has the identifying information of the subscriber, this does not tell
> Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff
> will name as the Defendant in this case. It could be the Subscriber, or another
> member of his household, or any number of other individuals who had direct
> access to Subscribers network.'

As a result,

> 'Plaintiff plans to request a limited inspection of Subscriber's electronically stored
> information and tangible things, such as Subscriber's computer and the computers
> of those sharing his Internet network, for the purpose of finding the individual that
> unlawfully violated Plaintiff's copyrighted works by uploading/downloading the
> file referenced BitTorrent, or to see whether such information has since been
> erased contrary to instructions by Verizon Online and Plaintiff's attorneys.'

*Id.* at 6-7 (rejecting plaintiff's discovery requests because "[p]resumably, every desktop, laptop,

smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor,

houseguest or other sharing his internet access, would be fair game") (internal quotation marks

and citations omitted). Thus, granting Plaintiff the form of relief that it seeks would

impermissibly allow Plaintiff to subpoena ISP's to obtain the detailed personal information of

unknown numbers of innocent individuals that Plaintiff could never make party to this suit and

subject them to onerous, invasive discovery and/or unfair settlement tactics. *Pacific Century*

*Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, *6 (N.D. Cal. Oct. 27,

2011).

        b.       **<u>Plaintiff's Subpoena is Designed to Improperly Embarrass Defendants into</u>**

                **<u>Settlement</u>**

      The Subpoena must be quashed for the additional reason that Plaintiff is utilizing Court

procedures to extort settlements from potentially innocent individuals. These mass-copyright

plaintiffs harass potentially innocent individuals with threats of statutory damages and legal fees

and embarrass them by naming them as defendants in actions for copyright infringement of adult

pornographic videos.

      Courts addressing these pornographic movie infringement cases have expressed concern

about such abusive settlement tactics. *Pac. Century Int'l, Ltd. v. Doe, 2011*, U.S. Dist. LEXIS 124518, at *9 (N.D. Cal. Oct. 27, 2011); *On the Cheap, LLC v. Does 1-5011*, No. 10-4472-BZ, 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011) (stating that the settlement tactics result in the defendants being left with a "decision to either accept plaintiff's demand or incur significant expense to defend themselves" and such does not "comport with the 'principles of fundamental fairness."). The court in *On the Cheap* recognized that the individuals identified by the ISP "whether guilty of copyright infringement or not — would then have to decide whether to pay money to retain legal assistance, or pay the money demanded[,]" which "creates great potential for a coercive and unjust 'settlement.' " *On the Cheap, LLC*, 2011 U.S. Dist. LEXIS 99831, at *11.

### CONCLUSION

Defendant John Doe 916 requests that the Court sever and dismiss all Defendants and require Plaintiff to bring individual actions against each Defendant, if it chooses to do so, in the appropriate venue. Defendant John Doe 916 further requests that the Court quash the Subpoena and grant any further relief that it deems appropriate.

Respectfully submitted,

