## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **4: TWENTY MEDIA INC.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No. 6:12-cv-31-RFD-CMH** |
| | ) | |
| **SWARM SHARING HASH FILES** | ) | |
| **6D59B29B0E51E9B5B4C0F9192CE99ED5EC5457E8,** | ) | |
| **6FC0F9C7F041DC36283D54B1FA29E993EA3EC2A8)** | | **JURY TRIAL DEMANDED** |
| **F1F946C2054A0F885AC01FB07A935F4F238DD391;** | ) | |
| **AND DOES 1-1,341,** | ) | |
| | ) | |
| *Defendants.* | ) | |

---

### PLAINTIFF'S COMBINED OPPOSITION TO DEFENDANT DOE NUMBERS 46, 166, 187, 386, 404, 436, 446, 565, 576, 609, 622, 869, 883, 898, 899, 915, 916, 934, 948, 987, 1002, 1004, 1105, 1159, 1209, 1228, 1240, 1250, AND 1329'S MOTIONS

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS……………………………………………… i

TABLE OF AUTHORITIES…………………………………………... ii

I.     Introduction…………………………………………… 1

II.    Background………………………………………….. 3

     a.  Procedural Background……………………………….. 3

     b.  Technical Background………………………………… 3

     c.  Factual Background…………………………………… 3

III.    Argument…………………………………………….. 3

     a.  Introduction………………………………………….. 6

     b.  Defendant's Motions to Quash Should be Denied………………….. 7

     c.  Movant's Motion for a Protective Order Should be Denied………. 12

     d.  Movant's Motions to Sever and Dismiss Should be Denied………. 12

         1.  This Action's Doe Defendant's Motions to Sever Should be Denied…………………………………………….. 16

         2.  Movant's Motions to Dismiss Should be Denied……………….. 17

     e.  It is Premature for the Court to Consider Fact-based Defenses, Including the Meritless "Unsecured Wireless Router" Defense………………….. 18

     f.  The Does Should not be Allowed to Proceed Anonymously………… 20

IV.    Conclusion…………..………………….......................................... 21

## **TABLE OF AUTHORITIES**

**Cases**                                                                                  **Page**

*Acciard v. Whitney,*.................................................................................... 16, 17
     No. 2:07-cv-476, 2008 WL 5120820 (M.D. Fla. Dec. 4, 2008)

*Acevedo v. Allsup's Convenience Stores, Inc.,*............................................ 14
     600 F.3d 516 (5th Cir. 2010)

*AF Holdings v. Does 1-162,*...............................................................8, 9, 11, 12
     No. 11-23036, 2012 WL 488217 (S.D. Fla. Feb. 14, 2012)

*Arista Records, Inc. v. Musemeci,*................................................... 19
     No. 03-cv-4465 2007 WL 3124545 (E.D.N.Y. 2007)

*Arista Records LLC v. Does 1-19,*.................................................... 9, 10
     551 F. Supp. 2d 1 ( D.D.C. April 28, 2008)

*Arista Records LLC v. Does 1-27,*.................................................... 2
     584 F. Supp. 2d 240 (D. Me. 2008)

*Armor Screen Corp. v. Storm Catcher, Inc.,*................................... 9
     No. 07-81091, 2008 WL 5049277 (S.D. Fla. Nov. 25, 2008)

*Ashcroft v. Iqbal,*............................................................................. 18
     556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly,*............................................................. 18
     550 U.S. 544 (2007)

*Call of the Wild Movie, LLC v. Does 1-1062,*......................................9, 13, 14, 17
     770 F. Supp. 2d 332 (D.D.C. 2011)

*Call of the Wild Movie, LLC v. Smith,*............................................. 19
     274 F.R.D. 334 (D.D.C. 2011)

Checkpont Fluidic Sys. Int'l Ltd. v. Guccione,............................... 14
     No. 10-4505, 2011 WL 3268386 (E.D. La. July 28, 2011)

*Chic-Fil-A v. Exxonmobil Corp.,*...................................................... 8
     No. 08-61422, 2009 WL 2242392 (S.D. Fla. July 24, 2009)

*Dawley v. NF Energy Saving Corp. of Am.,*...................................... 16
     No. 6:07-cv-872-Orl-19DAB, 2008 WL 3889592 (M.D. Fla. Aug. 18, 2008)

*Digital Sin, Inc. v. Does 1-176,*............................................................6, 14, 15, 16
    No. 12-cv-00126, 2012 WL 263491 (S.D.N.Y. Jan. 30, 2012)

*Digital Sin, Inc. v. Does 1-245,*........................................................... 6, 16
    No. 11-cv-8170, 2012 WL 1744838 (S.D.N.Y. May 15, 2012)

*Doe v. S.E.C.,*............................................................................... 10, 12
    No. 3:11-mc-80184, 2011 WL 4593181 (N.D. Cal. Oct. 4, 2011)

*Donkeyball Movie, LLC v. Does 1-171,*.................................................... 14
    No. civ-10-1520 (BAH), 2011 WL 1807452 (D.D.C. May 12, 2011)

*First Time Videos, LLC v. Does 1-18,*...............................................10, 11, 12
    No. 4:11-cv-69, 2011 WL 4079177 (S.D. Ind. Sept. 13, 2011)

*First Time Videos, LLC v. Does 1-76*..................................................... 2, 18
    276 F.R.D. 254 (N.D. Ill. Aug. 16, 2011)

*First Time Videos, LLC v. Does 1-500,*................................................. 10, 12
    276 F.R.D. 241 (N.D. Ill. 2011)

*Gordan v. Mortg. Elec. Reg. Sys., Inc.,*.................................................... 8
    No. CV410-228, 2011 WL 2457495 (S.D. Ga. June 16, 2011)

*Hard Drive Prods., Inc. v. Does 1-55,*..................................................... 14
    No. 11 C 2798, 2011 WL 4889094 (N.D. Ill. Oct. 12, 2011)

*In re Verizon Internet Servs., Inc.,*.......................................................... 20
    257 F. Supp. 2d 244 (D.D.C. 2003)

*K-Beech, Inc. v. Does 1-22,*................................................................ 14
    No. 11-cv-01774-AW, 2011 WL 6000768 (D. Md. Nov. 29, 2011)

*K-Beech, Inc. v. Does 1-57,*................................................................ 14
    No. 2:11-cv-358-Ftm-36SPC, 2011 WL 5597303 (M.D. Fla. Nov. 1, 2011)

*Liberty Media Holdings, LLC v. Swarm Sharing Hash File*
    *AE340D056129AFEE8D78CE07F2394C7B5BC9C05 and Does 1-38,*............*passim*
    821 F. Supp. 2d 444 (D. Mass. 2011)

*MCGIP, LLC v. Does 1-316,*.............................................................. 10
    No. 10 C 6677, 2011 WL 2292958 (N.D. Ill. June 9, 2011)

*Nathai v. Fla. Detroit Diesel-Allison, Inc.,*.............................................. 12
    No. 3:09-cv-1-J-20HTS, 2009 WL 2424570 (M.D. Fla. Aug. 5, 2009)

*Patrick Collins, Inc. v. Does 1-11,*...................................................... 14
    No. 11-cv-01776-AW, 2011 WL 5439045 (D. Md. Nov. 8, 2011)

*Patrick Collins, Inc. v. Does 1-15,*...................................................... 14
    No. 11-cv-02164 CMA-MJW, 2012 WL 415436 (D. Colo. Feb. 8, 2012)

*Patrick Collins, Inc. v. Does 1-22,*...................................................... 14
    No. 11-01772 AW, 2011 WL 5439005 (D. Md. Nov. 8, 2011)

*Patrick Collins, Inc. v. Does 1-44,*...................................................... 6
    No. 8:12-cv-00020, 2012 WL 1144854 (D. Mid. Apr. 4, 2012)

*Patrick Collins, Inc. v. Does 1-2590,*............................................... 11, 14
    No. C 11-2766 MEJ, 2011 WL 4407172 (N.D. Cal. Sept. 22, 2011)

*Pielage v. McConnell,*................................................................. 18
    516 F.3d 1282 (11th Cir. 2008)

*Raw Films, Ltd. v. Does 1-8,*......................................................... 6, 14
    No. 12-cv-00090, 2012 WL 1432212 (D. Md., Apr. 4, 2012)

*Raw Films, Ltd. v. Does 1-11,*......................................................... 14
    No. 12-cv-368-WQH, 2012 WL 684763 (S.D. Cal. Mar. 2, 2012)

*Raw Films, Ltd. v. John Does 1-15,*.............................................13, 17, 20
    No. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012)

*Richard n. Koehler II, Third Degree Films, Inc. v. Does 1-2010,*..................... 7
    No. 1:11-cv-05281, Docket No. 1 (N.D. Ill. Aug. 4, 2011)

*Sure Fill & Seal, Inc. v. GFF, Inc.,*................................................... 8
    No. 8:08-cv-882, 2009 WL 3171126 (M.D. Fla. Oct. 2, 2009)

*Third Degree Films, Inc. v. Does 1-108,*.............................................. 14
    No. 11-3007-DKC, 2012 WL 669055 (D. Md. Feb. 28, 2012)

*Third Degree Films, Inc. v. Does 1-118,*.............................................. 14
    No. 11-cv-03006-AW, 2011 WL 6837774 (D. Md. Dec. 28, 2011)

*Water Edge Living, LLC v. RSUI Indem. Co.,*........................................ 18
    355 Fed. Appx. 318 (11th Cir. 2009)

*West Coast Prod., Inc. v. Does 1-5,829,*.......................................... 11, 14
    275 F.R.D. 9 (D.D.C. 2011)

<u>Statutes</u>

FED. R. CIV. P. 1…………………………………………………………….. 13

FED. R. CIV. P. 12(b)……………………………………………………… 17, 18

FED. R. CIV. P. 12(b)(6)………………………………………………… 18

FED. R. CIV. P. 20………………………………………………………. 16

FED. R. CIV. P. 20 (b)………………………………………………….. 16

FED. R. CIV. P. 21………………………………………………………. 16

FED. R. CIV. P. 26(c)…………………………………………………… 8

FED. R. CIV. P. 26(f)…………………………………………………… 5

FED. R. CIV. P. 45(c)(3)(A)…………………………………………... 7, 8

FED. R. CIV. P. 45(c)(3)(B)…………………………………………….. 7

17 U.S.C. § 504……………………………………………………………. 9

47 U.S.C. § 551 (c)……………………………………………………….. 10

## I. Introduction

This opposition responds to various motions filed by Defendant Doe Numbers 46, 166, 187, 386, 404, 436, 446, 565, 576, 609, 622, 869, 883, 898, 899, 915, 916, 934, 948, 987, 1002, 1004, 1105, 1159, 1209, 1228, 1240, 1250, and 1329.[1] Although Plaintiff's opposition to Defendant Doe Number 404's brief (Docket No. 132) is the only opposition currently due, Plaintiff files this combined opposition to all pending Defendant Doe motions.

This action and Plaintiff's motion for expedited discovery are procedurally proper ways to protect Plaintiff's copyright. Here, there are three interconnected swarms that shared Plaintiff's copyrighted motion picture ("Motion Picture"). By allowing joinder of all infringing defendants in this action, Plaintiff has a practical method of enforcement that benefits all, even the Doe Defendants. This action evidences judicial efficiency: it started with 1,341 defendants, shrunk to 583 defendants, and continues to shrink each week. All Doe Defendant motions are consolidated together, enabling Plaintiff to file one brief addressing all arguments, and in turn, allowing the Court to rule on them all at once. Cases like this also allow for joint discovery, streamlining efforts for all involved. All things considered, this case is a permissive joinder success story.

The moving Doe Defendants ("Movants") propose to handle this matter (and all BitTorrent matters) by splitting it into as many separate actions as there are Doe Defendants (which at the time of filing would have been 1,341 defendants). This is cost prohibitive to Plaintiff, or indeed to any copyright holder. This method would effectively prevent copyright holders from enforcing their copyright registration(s) and receiving damages. For example, if

---

[1] Doe Number 1340's Motion to Quash has been denied as moot. Docket No. 24. In addition, two Defendant Does filed Motions to Quash without providing any identifying information (such as Doe Number or IP Address). Docket Nos. 57 and 68. Without any identifying information, Plaintiff has no means to distinguish these Does at this time. For these reasons, and for purposes of this opposition, Plaintiff considers the motions filed by these three Does as denied.

1

Movants' proposal was adopted, the filing fees alone for this film would cost nearly $500,000 ($350 * 1341). And while the Motion Picture is a fairly small film, larger television/film producers face even more insurmountable fiscal hurdles. For example, it is estimated that there were 2.5 million illegal downloads of the HBO television drama "*Game of Thrones*" *per day*. Exhibit A, Declaration of Ms. Sarah S. Burns, Exhibit 1, A Lot of People Are Illegally Downloading "Game of Thrones." Under Movants' proposal, should copyright holder HBO Films, Inc. seek to recover damages for *one day* of infringement, it would cost $350 * 2.5 million = $875,000,000. Movants' proposal is untenable if copyrights are to be upheld in the BitTorrent age.

If Movants' motions are granted, the inmates are truly running the asylum. They will effectively be free to illegally copy not only 4: Twenty Media's Motion Picture, but also all other copyrighted content on the Web. In essence, they are seeking a license to infringe.

Courts have also recognized that Movants' position is untenable. "Not to act would be to allow those who would take what is not theirs to remain hidden behind their ISPs and to diminish and even destroy the intrinsic value of the Plaintiffs' legal interest." *Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 252 (D. Me. 2008). While there are courts with differing opinions on how to handle BitTorrent actions, in short, their opinions 1) clash with Rule 20's transaction and occurrence requirements, and 2) rely on factual situations weaker than those presented in this action. For example, and as described more fully below, all Does in this action downloaded the same Motion Picture which originated with one of three seed files, the three swarms have interrelated Does, and evidence shows that each Doe in this action was in at least one of the inter-related swarms at the same time as other Does in this action. Similarly, the differing court opinions appear to not grasp how BitTorrent works (at a minimum all of the illegal sharers are

2

sharing the identical initial file, the efficiencies of common discovery and motion practice) or the public policy implications of their orders which in essence grant copyright infringers safe harbors from manageable prosecution for their misdeeds.

The majority of Defendant Does in this action have already been identified by their Internet Service Providers (ISPs). These identified Defendant Does did *not* move to quash the subpoenas, and, importantly, their ISPs did not move to quash the subpoenas.  As for Movants who are challenging the subpoenas, for the reasons set forth herein, Plaintiff respectfully requests that this Court deny all Movants' Motions to Quash, Motions to Dismiss, Motions to Sever, Motions for Protective Orders or to proceed anonymously (Docket Nos. 17, 27, 33, 41, 36-38, 40, 43, 45, 48, 53, 58-60, 62, 64-65, 67, 74, 76-78, 83, 89, 93, 94, 101, 107, 125, and 129),[2] as well as Movant's Motion for Reconsideration of the Court's prior Order granting expedited discovery (Docket No. 132).

## II. Background

### a. Procedural Background

The Court granted Plaintiff's motion for expedited discovery on January 25, 2012, and in response Plaintiff served subpoenas on eight service providers. The service providers, in turn, sent letters to their customers informing them of the subpoenas, and 29 Movants filed various Motions for Dismissal, for a Protective Order, to Quash the Subpoenas, and/or similarly styled motions. Pursuant to Court Order (Docket No. 25), the moving Does' contact information has been withheld from Plaintiff by their ISPs until the Court rules on each Doe's motion. This opposition responds to all of the Does' motions.

---

[2] In addition to other motions (addressed in this opposition), Defendant Does 898, 1228, and 1240 also filed Motions to Dismiss for Insufficient Service of Process. Docket Nos. 105, 103, 107 (in part). These motions are moot as the Court has granted Plaintiff additional time to identify and serve the Defendant Does. *See* Docket No. 121.

### b. Technical Background

The BitTorrent protocol facilitates file-sharing by permitting multiple users to download and upload the same file simultaneously. Docket No. 2-3, Declaration of Mr. Matthias Schroeder Padewet at ¶ 22. An initial "seeder" begins the process by using a BitTorrent client program to break a file of the copyrighted material into pieces and create a torrent which records those hash codes and permits other client programs (*i.e.*, other users, known as "peers") to identify, download, and reassemble the pieces into the original file of the copyrighted material. *Id.* at ¶¶ 8-9 and 12-13.

When other users/peers download the torrent file, the BitTorrent protocol signals that those peers are seeking to download the original file, and the seeder begins to distribute pieces to those peers. *Id.* at ¶ 8. Once the peer has downloaded a piece, the BitTorrent client program allows the computer to serve as a source of that piece to other peers seeking to download the original file. *Id.* at ¶¶ 15-17. After a peer has downloaded all of the pieces, that peer's BitTorrent client program continues to distribute the file just like the initial seeder. *Id.* In this way, the initial seeder and peers share and distribute the original file in a "swarm." *Id.* at ¶¶18 -19.

In this action, each of the Doe Defendants participated in one of three interconnected swarms that illegally shared and distributed Plaintiff's Motion Picture. To identify the Does, Plaintiff retained a company, Copyright Defenders, Inc., which utilized forensic software to track and identify BitTorrent activity. *Id.* at ¶¶ 1, 13. The company utilized a BitTorrent client to insert itself into the swarm, and download pieces of the motion picture from each Doe Defendant. *Id.* at ¶ 6. In other words, every Doe Defendant uploaded a piece of Plaintiff's Motion Picture to Plaintiff's investigator. *Id.* at ¶ 24. The investigation also showed an overlap amongst the Doe Defendants in this case (*e.g.*, the Doe Defendants all participated in sharing Plaintiff's Motion

4

Picture with others while other Doe Defendants were in the swarm), and between the swarms as well (certain Doe Defendants uploaded the film in multiple swarms as well). Docket No. 1 at ¶¶ 5, 49, Exhibit A to Docket No. 1.

While in the swarm, Plaintiff's investigator was able to obtain information about each Doe Defendant including each Doe's IP Address and time of download. *Id.* at ¶ 25. The investigator was not able to determine each Doe Defendants' contact information; however, this information could be obtained from each Doe Defendants' Internet Service Provider ("ISP"). *Id.* at ¶¶ 26-27. In order to obtain this information from the ISPs, Plaintiff filed a motion for expedited discovery. Docket No. 2, Plaintiff's *Ex Parte* Motion For Leave to Take Discovery Prior to Rule 26(f) Conference. In its motion for expedited discovery, Plaintiff already addressed most (if not all) of the arguments raised by the Doe Defendants' in their briefs concerning joinder, jurisdiction, etc. Docket No. 2-1, Plaintiff's Memorandum in Support of Its *Ex Parte* Motion For Leave to Take Discovery Prior to Rule 26(f) Conference at 24-29.

### c. Factual Background

The Motion Picture was for sale prior to the lawsuit starting in June 2011 at www.girlycast.com/shop/ for 14,99 Euro. Exhibit B, Declaration of Mr. Christoph Petznick at ¶¶ 6, 8. The Motion Picture was originally released under the title "Analschlampen im Orgasmussrausch." *Id.* at ¶ 6. A link to the German cover is available at: http://web1.s57.nlserver.net/shop/popup_image.php?pID=495&imgID=0&XTCsid=7e2d527c6d 331c8160fc1f9585c5afe4. *Id.* at ¶ 8.

An English DVD cover was also created at the time of production in April/May 2011, prior to registering the copyright. *Id.* at ¶ 9. The original DVD with English Cover was sent to the U.S. Copyright Office prior to the filing of this lawsuit. *Id.*

5

All of this occurred prior to any infringement, and shows this was a commercially viable movie.[3] However, illegal downloads destroyed the earning power of this movie. For example, a U.S. DVD release was planned, but given the high amount of illegal downloads in the U.S. (more than 1300 in this case alone), the U.S. market has been destroyed. *Id.* at ¶ 11. The Motion Picture is currently being freely distributed and is beyond 4: Twenty Media's control.

## III. Argument

### a. Introduction

Before delving into the reasoning behind why Movants' motions should be denied, it is important to set the record straight. Movants' motions misconstrue the case law landscape, rarely, if ever, citing to contradictory precedent. In reality, and as explained in Plaintiff's opening motion for expedited discovery, there are splits between courts (and even within courts[4]) concerning these issues. However, as explained in greater detail below and in Plaintiff's motion (Docket No. 2-1 at 10-11, 25), the proper reading of the law shows Movants' motions should be denied.

Quite a few of Movants' motions are copies of each other, and, as Movants admit, are based off of prior motions prepared by other practitioners. In fact, one of the most repeated motions is "structured entirely on a preceding motion written by Richard N. Koehler II Ohio Bar

---

[3] The Doe Defendants have hatched a conspiracy theory that the Plaintiff somehow planted the Motion Picture on the web to trick thousands of users into illegally sharing it, and thereby make money through lawsuits. Docket No. 132-1, Memorandum of Points and Authority in Support of Motion That The Court (1) Reconsider Its Order Granting Early Discovery; (2) Quash Outstanding Subpoenas; and (3) Sever All Does Other than John Doe Number One at 2. This is unsupported, and frankly defies logic, as the theory requires an assumption that simply because a file/movie is posted on the Internet, people will illegally download it.

[4] *Compare Digital Sin, Inc. v. Does 1-176,* --- F.R.D. ----, 2012 WL 263491, at *5 (S.D.N.Y., Jan. 30, 2012), *with Digital Sin v. John Does 1-245,* No.. 11-cv- 8170, 2012 WL 1744838 (S.D.N.Y. May 15, 2012)*. Compare Patrick Collins, Inc. v. Does 1-44,* No. 8:12–cv–00020, 2012 WL 1144854 (D. Md., Apr. 4, 2012), *with Raw Films, Ltd v. Does 1-8,* No. 12–cv–00090, 2012 WL 1432212, (D. Md. Apr. 23, 2012).

No. 0031407." *See, e.g.*, Docket No. 27. While plaintiff was unable to find this *exact* motion, a similar motion filed by Richard N. Koehler II, *Third Degree Films, Inc. v. Does 1-2010*, No. 1:11-cv-05281, Docket No. 1 (Motion) (N.D. Ill. Aug. 4, 2011) (Exhibit A, Ms. Burns Decl., Exhibit 2), was denied by Judge Cox in Northern District of Illinois. *Id.* at Docket No. 9 (Order) (Exhibit A, Ms. Burns Decl., Exhibit 3). This demonstrates that not only do the *pro se* Doe Defendants rely upon old case law, but they also file motions that continue to fail to persuade judges otherwise.

Regardless, Movants' filings fall under four categories: 1) motions to quash subpoenas to ISPs,[5] 2) motions to dismiss, 3) motions to sever and/or 4) motions to proceed anonymously. Each of these motion types are addressed below. For the Court's convenience, Plaintiff's counsel has prepared a table summarizing the issues addressed in each Movant's respective filling. Exhibit C, Pending Motions.[6]

### b. Movants' Motions to Quash Should be Denied.

A motion to quash a subpoena is governed by Federal Rule of Civil Procedure Rule 45 which states that a subpoena must be modified or quashed if, of import, it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A). In addition, "[t]o protect a person subject to or affected by a subpoena," the Court *may* quash or modify a subpoena if, for example, it requires "disclosing a trade secret or other confidential research, development, or commercial information[.]" *Id.* at 45(c)(3)(B).

---

[5] For all intents and purposes, Defendant Do No. 404's motion for reconsideration (Docket No. 132-1) is a motion to quash/dismiss, and therefore its arguments addressed in each respective section below.

[6] This table also includes, where applicable, indication of mail sent to Doe Defendants and subsequently returned to the Court. This is included for the Court's convenience should the Court elect to dismiss these particular Movants' motions in accordance with Local Rule 41.3 and/or the Court's Minute Entry and Order dated May 10, 2012. Docket No. 91.

Additionally, under Federal Rule of Civil Procedure, Rule 26, a court can "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for good cause shown. *See* FED. R. CIV. P. 26(c). A district court has broad discretion when fashioning protective orders and the moving party has the burden of showing a particular need for protection under Rule 26(c). *AF Holdings, LLC v. Does 1-162*, No. 11-23036, 2012 WL 488217 at *2 (S.D. Fla. Feb. 14, 2012) (internal citations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (citation omitted).

Movants' arguments in this regard lack merit. The subpoenas to CenturyLink, Inc., Charter Communications, Inc., Comcast Corporation, Cox Communications, Inc., CSC Holdings, LLC, Frontier Communications Corp., Time Warner Cable, Inc., and Verizon Communications Inc. should not be quashed nor should a protective order be entered. First, Rule 45 permits only "the issuing court" to quash or modify a subpoena. *See* FED. R. CIV. P. 45(c)(3); *see also AF Holdings, LLC,* 2012 WL 488217 at *3. Because the subpoenas at issue here issued from, *e.g.*, the Southern District of New York, Eastern District of Pennsylvania, Eastern District of Missouri and Eastern District of Pennsylvania, this Court lacks the authority under Rule 45 to quash those subpoenas. *Id.* (citing *Chick–Fil–A v. Exxonmobil Corp.*, No. 08-61422, 2009 WL 2242392, at *1 (S.D. Fla. July 24, 2009)); *see also Sure Fill & Seal, Inc. v. GFF, Inc.,* No. 8:08-cv-882, 2009 WL 3171126, at *1 (M.D. Fla. Oct.2, 2009); *Gordon v. Mortg. Elec. Reg. Sys., Inc.,* No. CV410-228, 2011 WL 2457495, at *1 n.2 (S.D. Ga. June 16, 2011).

Second, assuming for argument's sake that this Court has the authority to quash these subpoenas, Movants lack standing to contest the subpoenas. The subpoenas were issued to Movants' ISPs, *not* the Doe Defendants. Generally, parties to actions "may not seek to quash or

8

modify a subpoena on behalf of the non-party to which it was issued." *AF Holdings, LLC*, 2012 WL 488217 at *3 (*citing Armor Screen Corp. v. Storm Catcher, Inc.,* No. 07-81091, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008)).

As the *AF Holdings* court noted, the only arguable exception "applies to situations in which a subpoena requires disclosure of privileged or other protected matter," however, "even this exception does not help the Doe Defendant[s] here." *See AF Holdings*, 2012 WL 488217 at *3 (citations omitted). This is because "privacy or free speech interests of the Doe Defendants are minimal in cases of this kind." *Id.* (citations omitted) ("Although courts have found that file-sharers' activities are entitled to First Amendment protection, they have emphasized that the protection is minimal and that it does not cover illegal conduct such as copyright infringement."). Other courts have similarly found that "individuals who use the Internet to download or distribute copyrighted works are engaged in only a limited exercise of speech and the First Amendment does not necessarily protect such persons' identities from disclosure." *Id.* (*citing Call of the Wild Movie, LLC v. Does 1–1062,* 770 F. Supp. 2d 332, 349–54 (D.D.C. 2011)); *see also Arista Records LLC v. Does 1–19,* 551 F. Supp. 2d at 8 ("First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.") Determining whether a litigant may proceed anonymously requires balancing the "litigant's substantial right to privacy" with the "constitutionally embedded presumption of openness in judicial proceedings." *Liberty Media Holdings v. Swarm Sharing Hash File AE34, et al.,* No. 11-10802, 2011 WL 5161453, at *6 (D. Mass. Oct. 31, 2011) (citations omitted). "[E]conomic harm or mere embarrassment will not suffice to overcome the public's interest in disclosure." *AF Holdings*, 2012 WL 488217 at *3 (citations omitted).

Here, Movants generally argue that they have some type of protected interest in their identifying information. This is incorrect. The subpoenas here merely seek information that each Doe Defendant freely provided to his or her Internet Service Provider. Because of this, courts have routinely held, "Internet subscribers do not have a reasonable expectation of privacy in subscriber information they have already conveyed to their [Internet Service Providers]." *Id.* at *4 (*citing Doe v. S.E.C.,* No. 3:11-mc-80184, 2011 WL 4593181, at *3 (N.D. Cal. Oct.4, 2011)); *First Time Videos, LLC v. Does 1–18,* No. 4:11-cv-69, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011); *First Time Videos, LLC v. Does 1–500,* 276 F.R.D. 241, 249 (N.D. Ill. 2011). Individuals also have "**no protected privacy interest** in their name, address, phone number, e-mail address, or Media Access Control address when there is an allegation of copyright infringement." *Id.* (emphasis added) (*citing First Time Video v. Does 1-18,* 2011 WL 4079177, at *1). As such, to the extent Movants have a privacy interest in their contact information, any such interests are "overcome by the Plaintiff's need to identify and pursue litigation against these purported infringers." *Id.* (*citing Arista Records,* 551 F. Supp. 2d at 8–9); *Liberty Media Holdings,* 2011 WL 5161453, at *7.

Movants' arguments that these subpoenas impose upon them an undue burden fails as well. "Courts that have addressed this issue have concluded that the issuance of a subpoena to the Internet Service Provider of putative defendants does not create an undue burden on the putative defendants because they are not required to produce anything." *First Time Videos, LLC v. Does 1–18,* 2011 WL 4079177, at *1; *see also First Time Videos, LLC v. Does 1–500,* 276 F.R.D. 241, 250 (N.D. Ill. Aug. 9, 2011); *MGCIP v. Does 1–316,* No. 10 C 6677, 2011 WL 2292958 at *1 (N.D. Ill. June 9, 2011). Thus, only the Internet Service Providers have standing

to argue the subpoena poses an undue burden; here, they chose not to. *See First Time Videos, LLC v. Does 1-18*, 2011 WL 4079177, at *1.

Finally, Movants attack with a hailstorm of unsubstantiated arguments which basically allege the same thing: this lawsuit is merely an extortion attempt. First, this case is not an extortion attempt—it is a viable cause of action supported by evidence. *See generally*, Docket Nos. 1 and 2-1. Regardless, courts have found arguments such as these are insufficient to quash subpoenas. As one court stated in rejecting a similar argument, "[t]his allegation is not supported in the motion papers or by [the Plaintiff's] actions to date. It is purely speculative and not grounds for allowing the moving defendants to proceed anonymously." *AF Holdings*, 2012 WL 488217 at *4 (*citing Liberty Media Holdings*, 2011 WL 5161453, at *7).

As the *AF Holdings* court noted:

> The only argument remaining—that copyright infringement suits of this sort are baseless "fishing expeditions" used solely to extort money from alleged infringers—amounts to nothing more than an *ad hominem* attack on the Plaintiff. This line of argument fails to persuade. And it is especially inappropriate coming from an individual attempting to litigate, without counsel, anonymously. ...As one court recently observed,

> [P]arties to a lawsuit must typically openly identify themselves in their pleadings to protect the public's legitimate interest in knowing all the facts involved, including the identities of the parties. The public has a common law right of access to judicial records, and allowing a party to litigate anonymously undermines that public right.

*Id.* (*quoting West Coast Prods, Inc. v. 1-5,829*, 275 F.R.D. 9, 12 (D.D.C. 2011)) (citations omitted). The *AF Holdings* court continued, "[i]t is inappropriate for this Doe Defendant to hurl unsubstantiated personal attacks at the Plaintiff from behind a shroud of anonymity." *Id.*

In view of the above, even if 1) this Court had the authority to quash the subpoenas and 2) Movants had standing to challenge it, there would still be no basis to quash them. This is

particularly true given Movants' "minimal privacy and speech interests are outweighed by the Plaintiff's right to identify and litigate against alleged copyright violators." *Id.* at *4 (*citing Doe v. S.E.C.,* 2011 WL 4593181, at *3); *First Time Videos, LLC v. Does 1-18,* 2011 WL 4079177, at *1; *First Time Videos v. Does 1-500,* 276 F.R.D. at 249.

### c. Movants' Motions for a Protective Order Should be Denied.

Parties "seeking a protective order carr[y] the burden of showing good cause and/or the right to be protected." *AF Holdings,* 2012 WL 488217 at *5 (*citing Nathai v. Fla. Detroit Diesel-Allison, Inc.,* No. 3:09-CV-1-J-20HTS, 2009 WL 2424570, at *1 (M.D. Fla. Aug. 5, 2009)). Here, Movants cannot carry their burden. As discussed in greater detail above, the third-party subpoenas issued to the ISPs seek a minimum amount of information that is essential to this litigation—namely, the identities and locations of the Doe Defendants. Similarly, it is not overly broad or unduly burdensome to the ISPs (*i.e.,* the ISPs have not moved to quash the subpoenas), it therefore cannot place undue burdens on the Doe Defendants who are not involved in the data collection process. Thus, a protective order should not issue. *Id.* at *6.

### d. Movants' Motions to Sever and Dismiss Should be Denied.

Movants' arguments regarding misjoinder and personal jurisdiction are premature. Plaintiff is merely utilizing a subpoena to attempt to locate individuals who unlawfully downloaded and distributed its copyrighted work without permission. Movants have not been personally named in this action or served with the Complaint (indeed, their arguments are putting the cart before the horse). Therefore, Movants are not required to respond to the Complaint or otherwise litigate in this District unless and until they are properly named.

Without such data the Court is without the "information necessary to evaluate any personal jurisdiction challenges, in no small part because th[ese] Doe Defendant[s]... are

anonymous—a problem to which the instant discovery is specifically addressed. As other courts have found, joinder of Doe Defendants is appropriate under such circumstances." *Id.* at *4. After the Doe Defendants are identified, if they believe they are misjoined they can again raise this argument based upon the actual parties involved at that point in time.

Additionally, joinder at this point in time will not prejudice any defendant or result in needless delay. *Raw Films, Ltd. v. John Does 1-15,* No. 11-7248, 2012 WL 1019067, at *4 (E.D. Pa. Mar. 26, 2012). To the contrary, severance of the action as requested by Movants would require the filing of separate actions and the service of new subpoenas on the ISPs to identify each defendant. This would not "secure the just, speedy, and inexpensive determination" of the action. *Id.* (*citing* FED. R. CIV. P. 1).

Further, no defendant will be prejudiced by joinder at this stage, as none has been served in the matter or required to respond to the complaint. *Id.* Further, the Doe Defendants "may benefit from joinder by permitting them to obtain the same discovery from the plaintiff or allowing them to see any defenses raised by other Doe defendants." *Id.* (*citing Call of the Wild Movie, LLC v. Does 1–1062,* 770 F. Supp. 2d 332, 344 (D.D.C. 2011)).

Regardless, Plaintiff already addressed the severance and dismissal issues raised by Movants in its motion for expedited discovery. Docket No. 2-1 at 24-29. Beyond the facts and arguments provided therein, each Defendant Doe was in at least one of the swarms at the same time with at least one other Defendant Doe. Exhibit D, Second Declaration of Mr. Matthias Schroeder Padewet at ¶ 5-8, Exhibit 1-3 to Mr. Padewet Decl. This shows that all of the Defendant Does are linked in the same transaction or occurrence, or series of transactions or occurrences. Similarly, the three swarms in this action are linked by Defendant Does who participated in multiple swarms. Docket No. 2-1 at 15. Given these overlaps between Defendant

13

Does, the fact each Doe downloaded/uploaded the identical initial swarm file to others, and the fact that Plaintiff's investigator received an illegal upload from each IP Address corresponding to each Defendant Doe, joinder is proper.

The Fifth Circuit describes Rule 20 in the form of a two-prong test that allows joinder when: 1) claims arise out of the same transaction, occurrence or series of transactions and 2) there is at least on common question of law or fact linking all of the claims. *Checkpoint Fluidic Sys. Int'l, Ltd v. Guccione*, No. 10-4505, 2011 WL 3268386, at *8 (E.D. La. July 28, 2011) (*citing Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)). Within the past two years, numerous courts have denied similar Doe Defendant motions.[7] For example, after the instant action was filed the Eastern District of Pennsylvania held:

> The Court finds that the allegations of the complaint make joinder appropriate at this early stage of litigation because the plaintiff asserts a right to relief against all Doe defendants that appears, given the technology involved, to arise out of the same series of transactions or occurrences and because common questions of law or fact seem to be raised with respect to all Doe defendants by virtue of the use of BitTorrent to transmit the same copy of the plaintiff's Work. Further, the Court finds that (a) the information sought in the subpoenas is relevant to the plaintiff's claims; and (b) under the circumstances, the plaintiff's right to pursue its claims of infringement by means of discovering subscriber information outweighs the moving defendant's asserted rights to remain anonymous in connection with the alleged infringing activity. As a result, the Court will deny the moving defendants' motions to quash or modify the subpoenas.

*Raw Films,* 2012 WL 1019067, at *2 -3.

---

[7] *See, e.g., Patrick Collins, Inc. v. Does 1–15*, No. 11–cv–02164–CMA–MJW, 2012 WL 415436, at *2–*4 (D.Colo. Feb.8, 2012); *Digital Sin, Inc. v. Does 1–176*, --- F.R.D. ----, 2012 WL 263491, at *5; *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F.Supp.2d 332, 342–43 (D.D.C.2011); *W. Coast Prod., Inc. v. Does 1–5829*, 275 F.R.D. 9, 15–16 (D.D.C.2011); *K–Beech, Inc. v. Does 1–57*, No. 2:11–cv–358–Ftm–36SPC, 2011 WL 5597303, at *5–*7 (M.D.Fla. Nov.1, 2011); *Hard Drive Prods., Inc. v. Does 1–55*, No. 11 C 2798, 2011 WL 4889094, at *5 (N.D.Ill. Oct.12, 2011); *Donkeyball Movie, LLC v. Does 1–171*, No. civ–10–1520(BAH), 2011 WL 1807452, at *4–*5 (D.D.C. May 12, 2011); *Third Degree Films, Inc. v. Does 1–108*, No. 11–3007–DKC, 2012 WL 669055, at *4–*5 (D.Md. Feb.28, 2012); *Third Degree Films, Inc. v. Does 1–118*, No. 11–cv–03006–AW, 2011 WL 6837774, at *2– *3 (D.Md. Dec.23, 2011); *K–Beech, Inc. v. Does 1–22*, No. 11–cv–01774–AW, 2011 WL 6000768, at *2–*3 (D.Md. Nov.29, 2011); *Patrick Collins, Inc. v. Does 1–22*, No. 11–cv–01772–AW, 2011 WL 5439005, at *2–*4 (D.Md. Nov.8, 2011); *Patrick Collins, Inc. v. Does 1–11*, No. 11–cv–01776–AW, 2011 WL 5439045, at *1–*3 (D.Md. Nov.8, 2011).

*Raw Films'* finding is particularly important in that the defendants' activities in the swarm were found to be part of the same transaction or occurrence or series of transactions or occurrences. Specifically, the court analyzed the nature of the BitTorrent protocol with an eye toward the joinder analysis, explaining that "the pieces of the Work copied by each defendant may have been transmitted by or subsequently sent to other defendants, albeit indirectly, because 'recipient peers ... automatically begin delivering the piece they just received to other peers in the same swarm.'" *Id.* at *4 (citations omitted). The *Raw Films* court was not concerned with direct interaction among swarm members, finding a common link regardless, "[e]ven if no Doe defendant directly transmitted a piece of the Work to another Doe Defendant, the Court is satisfied that at this stage of the litigation the claims against each Doe Defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server." *Id.* Similarly, the Court deciding *Digital Sin* (which also issued after Plaintiff filed this action) found:

> ... it is difficult to see how the sharing and downloading activity alleged in the Complaint—a series of individuals connecting either directly with each other or as part of a chain or "swarm" of connectivity designed to illegally copy and share the exact same copyrighted file—could *not* constitute a "series of transactions or occurrences" for purposes of Rule 20(a). In the present case, Plaintiff has satisfied the *DigiProtect* standard by alleging that the Doe defendants were trading the exact same file as part of the same swarm.

*Digital Sin, Inc. v. Does 1-176*, --- F.R.D. ----, 2012 WL 263491, at *5 (emphasis in original).

The *Raw Films* court also found that "common questions of fact are likely to arise along with the legal standards for direct and contributory copyright infringement liability" in such BitTorrent suits.  Specifically,

> The claims against each defendant are logically related because they will feature largely duplicative proof regarding the nature of BitTorrent, the plaintiff's

15

ownership interest in the copyright for the Work, and the forensic investigation conducted by the plaintiff ... The joining of the fifteen defendants that have these elements in common will, at this point, prevent a multiplicity of lawsuits.

*Raw Films,* 2012 WL 1019067, at *4. After its careful analysis, the *Raw Films* court concluded, "the requirements of Rule 20(a)(2) are met, and its purposes furthered." *Id.*

While there are courts that have granted such motions, it should be noted that not only are the splits among different courts, there are splits *within* the same court. *Compare Digital Sin, Inc. v. Does 1-176,* --- F.R.D. ----, 2012 WL 263491, at *5, *with Digital Sin v. John Does 1-245,* No. 11-cv- 8170, 2012 WL 1744838. However, it appears that the decisions granting these motions were in cases where the level of participation in the swarm was less detailed than in this action (*e.g.*, where Plaintiff shows that each Doe Defendant was in the swarm with others *and* that there was overlap between the swarms). Docket No. 2-3 at ¶ 26; Docket No. 1-2, Ex. A; Docket No. 1 at ¶¶ 5, 49; Docket No. 2-3 at ¶ 26.

In view of the above, Defendants' motions to dismiss should be denied.

### 1.  Movants' Motions to Sever Should be Denied.

Severance is decided pursuant to Federal Rule of Civil Procedure Rule 20(b), which provides that courts "may order separate trials or make other orders to prevent delay or prejudice," and Federal Rule of Civil Procedure Rule 21, which provides that "[a]ny claim against a party may be severed and proceeded with separately." FED. R. CIV. P. 20; FED. R. CIV. P. 21. The determination of whether to grant severance is left to the discretion of the district court. *See Dawley v. NF Energy Saving Corp. of Am.,* No. 6:07-cv-872-Orl-19DAB, 2008 WL 3889592, at *2 (M.D. Fla. Aug.18, 2008). In addressing questions of joinder and severance, "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Acciard v. Whitney,*

16

No. 2:07-cv-476, 2008 WL 5120820, at *1 (M.D. Fla. Dec. 4, 2008) (citation omitted). The touchstone of this inquiry is "whether the interests of efficiency and judicial economy would be advanced by allowing the claims to travel together, and whether any party would be prejudiced if they did." *See id.* (citation omitted).

As discussed in greater detail above, allowing this action to proceed together allows, and has allowed, efficiencies and judicial economy that separate actions would not. First, this action has shrunk considerably from 1,341 defendants to 593 in just a matter of months. *See* Docket No. 146. Second, all of the Defendant Does have been allowed an opportunity to brief their positions regarding Plaintiff's subpoenas, and Plaintiff will respond to *all* Movants in one opposition. If this action were spread over 1341 differing actions (as it appears Movants propose), such efficiencies could not be achieved. Third, courts have recognized that efficiencies occur in these actions with a combined discovery process. *Raw Films,* 2012 WL 1019067, at *4 (*citing Call of the Wild Movie,* 770 F. Supp. 2d at 344.) Fourth, as shown through the motion to quash procedure of this action (*i.e.*, the Defendants' motions are all filed, and Plaintiff files its opposition to all), an additional efficiency would occur should Defendant Does and Plaintiff engage in a stream-lined summary judgment process. Finally, should the Court find it necessary, Rule 20 allows for separate trials, which would eliminate any alleged issues the Defendant Does may have (although it is Plaintiff's position that given that relatedness between all of the Defendant Does combined trials would be proper). In view of the above, Movants' motions to sever should be denied.

### 2. Movants' Motions to Dismiss Should be Denied.

A motion to dismiss is governed by Federal Rule of Civil Procedure 12(b) and may encompass various defenses, such as lack of personal jurisdiction and failure to state a claim

upon which relief can be granted. *See* FED. R. CIV. P. 12(b). When considering such a motion, the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Waters Edge Living, LLC v. RSUI Indem. Co.*, 355 Fed. Appx. 318, 320 (11th Cir. 2009) (*citing Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008)). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 (2009). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id*

Movants have shown no entitlement to dismissal of this action. Motions to dismiss are litigated pursuant to Federal Rule of Civil Procedure Rule 12(b). The apparent bases for the Defendants' motions here focus on personal jurisdiction and misjoinder. As discussed above, issues of personal jurisdiction and misjoinder are not ripe. *See First Time Videos,* 276 F.R.D. at 251. To the extent Movants seek dismissal for failure to state a claim under Federal Rule 12(b)(6), such relief would be equally premature. Upon proper service with the Complaint, the Doe Defendant may renew any such arguments to the extent appropriate. Thus, this action should not be dismissed at this time.

### e. It is Premature for the Court to Consider Fact-based Defenses, Including the Meritless "Unsecured Wireless Router" Defense.

A common theme the Doe Defendants attempt to rely upon for public policy support is the "open wireless" defense (although no defendant brings actual proof they were not the actual uploader/downloader). According to this defense, apparently there is a roving band of Internet

thieves that station themselves outside of the Doe Defendants' homes for hours (if not days) in

order to illegally download and upload copyrighted materials. Regardless of its implausibility,

courts have recognized that having "an unsecured wireless router" (*i.e.*, the open wireless

defense), is not "a complete defense." *Arista Records, Inc. v. Musemeci*, No. 03 CV 4465 2007

WL 3124545, at *5, (E.D.N.Y. 2007) (emphasis in original). Furthermore, denials of liability are

premature at this time. Mere denials do not pertain to the validity and enforceability of the

subpoenas and are irrelevant at this stage. *See Call of the Wild Movie, LLC v. Smith*, 274 F.R.D.

334, 337-38 (D.D.C. 2011) ("A general denial of liability, however, is not a basis for quashing

the plaintiff's subpoena and preventing the plaintiff from obtaining [defendant's] identifying

information. That would deny the plaintiff access to the information critical to bringing

[defendant] properly into the lawsuit to address the merits of both the plaintiff's claim and

[defendant's] defense.")

Beyond this, each Defendant Doe agreed with his or her ISP that he or she would be

liable for any unauthorized access to his or her routers. For example,[8] Defendant Doe 883

utilizes Comcast Cable Communications, LLC as his/ her ISP, and the terms of his/her

agreement states, "In addition to being responsible for your own compliance with this Policy,

you are also responsible for any use or misuse of the Service that violates this Policy, even if it

was committed by a friend, family member, or guest with access to your Service account.

Therefore, you must take steps to ensure that others do not use your account to gain unauthorized

access to the Service by, for example, strictly maintaining the confidentiality of your Service

login and password." Exhibit A, Ms. Burns Decl at ¶ 6 and Exhibit 4, Comcast Acceptable Use

---

[8] A similar clause exists for each Defendant Doe in his or her ISP's terms of use. Exhibit A, Ms. Burns Decl. at ¶¶ 6-13, Exhibits 4-11.

Policy for High-Speed Internet. Defendant Doe 404 utilizes Verizon Communications Inc. as his/her ISP, and the terms of his/her agreement states, "You are responsible for all use of your Service and account, whether by you or someone using your account with or without your permission, including all secondary or sub-accounts associated with your primary account." Exhibit A, Ms. Burns Decl. at ¶ 7 and Exhibit 5, Verizon Online Terms of Service. The fact that the Defendant Does are now trying to duck this responsibility is untenable.

### f. The Does Should not be Allowed to Proceed Anonymously.

"The Rules permit the Court to enter a protective order 'for good cause,' in order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Raw Films, Ltd.,* 2012 WL 1019067 at *6 (citation omitted). Movants have failed to meet their burden in showing that such a privacy interest exists which would require the entry of such a protective order. "A Doe defendant who has allegedly used the internet to unlawfully download and disseminate copyrighted material does not have a significant expectation of privacy." *Id.* at *8; *accord In re Verizon Internet Servs., Inc.,* 257 F. Supp. 2d 244, 267 (D.D.C. 2003) (engaging in peer-to-peer file-sharing is akin to "essentially opening up the computer to the world"). Here, Movants' "interest is substantially outweighed by the need to disclose it so that the plaintiff may proceed with bringing what appear to be non-frivolous claims of copyright infringement that cannot be advanced by other means." *Id.* Similarly, "the potential embarrassment or social stigma that [the Doe Defendants] may face once their identities are released in connection with this lawsuit is not grounds for allowing them to proceed anonymously." *Liberty Media Holdings, LLC v. Swarm Sharing Hash File AE34 and Does 1 through 38,* 821 F. Supp. 2d 444, 453 (D. Mass. 2011). In short, Movants, have failed to show any sufficient privacy interest that would serve to confer standing upon him/her to challenge the

subpoenas to the ISPs. Therefore, the Court should deny any protective orders allowing Movants to proceed anonymously.

### IV. Conclusion

For the reasons set forth herein, Plaintiff respectfully requests that that this Court deny all Movants' Motions to Quash, Motions to Dismiss, Motions to Sever, Motions for Protective Orders or to proceed anonymously, as well as the Motion for Reconsideration of the Court's prior Order granting expedited discovery.

Dated:  June 21, 2012                     Respectfully submitted,
                                          4: TWENTY MEDIA INC.

                                          By its Attorneys,
                                          SIMMONS BROWDER GIANARIS
                                          ANGELIDES & BARNERD LLC

                                          By: */s/ Paul A. Lesko*
                                          Paul A. Lesko – LA Bar No. 26567
                                          One Court Street
                                          Alton, IL 62002
                                          Ph: 618.259.2222
                                          Fax: 618.259.2251
                                          Email: plesko@simmonsfirm.com

                                          *Attorney for Plaintiff 4: Twenty Media Inc.*

21

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2012, I electronically filed the foregoing document via the Court's ECF, electronic email system, upon all of record as set forth below:

Eric Menhart
LEXERO LAW
1200 G. St. NW
Suite 800
Washington, DC  20005
202.904.2818
202.403.3436 (Fax)
Eric.Menhart@lexero.com

Local Counsel:
Tiffany Peter-Lewis
PERKINS & ASSOCIATES
401 Market St., Suite 900
Shreveport, LA  71101
318.540.3810
318.222.0458 (Fax)
peters-lewis@perkinsfirm.com

Christina N. Boffen, Esq.
Bar#29851 (US District Court for MD)
The Law Office of
CHRISTINA N. BOFFEN, LLC
216 N. Crain Hwy, Suite 202A
Glen Burnie, MD  21061
410.718.2929
410.747.3741 (Fax)
cboffen@gmail.com

Local Counsel:
W. Scarth Clark, Esq.
Bar #22993
KOEPPEL TRAYLOR, LLC
2030 St. Charles Ave.
New Orleans, LA  70130
504.598.1000
504.524.1024 (Fax)
sclark@koeppeltraylor.com

22

Gary K. Marshall
WSBA #15344 (US District Court, WDWA)
LAW OFFICE of GARY MARSHALL
9706 4th Ave., NE, Suite 320
Seattle, WA  98115
206.524.0655
206.524.1302
gmarshall@marshallcomputer.com


Local Counsel:
W. Scarth Clark, Esq.
Bar #22993
KOEPPEL TRAYLOR, LLC
2030 St. Charles Ave.
New Orleans, LA  70130
sclark@koeppeltraylor.com

Nicholas Ranallo, Attorney at Law
CA Bar #275016
371 Dogwood Way
Boulder Creek, CA  95006
831.703.4011
831.533.5073 (Fax)
nick@ranallolawoffice.com

Local Counsel:
Carlos Zelaya
MUMPHREY LAW FIRM, LLC
330 Oak Harbor Blvd., Suite D
Slidell, LA  70458
985.649.0709
985.649.5706 (Fax)
ezelay@mumphreylaw.com

Morgan E. Pietz
CA Bar No. 260629
THE PIETZ LAW FIRM
3770 Highland Ave, Ste. 206
Manhattan Beach, CA  90266
310.424.5557
310.546.5301 (Fax)
mpietz@pietzlawfirm.com

Local Counsel:
Christine A. Guillory
LA Bar No. 32149
FRILOT, LLC
1100 Poydras Street, Ste. 3700
New Orleans, LA  70163
504.599.8036
504.619.4989 (Fax)
cguillory@frilot.com


                                        /s/ Paul A. Lesko_____
                                        *Attorney for Plaintiff 4:Twenty Media Inc.*