# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| 4:Twenty Media, Inc. ) | CASE NO.: 6:12-cv-00031 |
| ) | |
| Plaintiff, ) | JUDGE: Rebecca F. Doherty |
| ) | |
| vs. ) | MAGISTRATE: C. Michael Hill |
| ) | |
| Swarm Sharing Hash Files ) | JOHN DOE #1159 REPLY TO PLAINTIFF'S |
| 6D59B29B0E51E9B5B4C0F9192CE99ED5E ) | OPPOSITION |
| C5457E8,6FC0F9C7F041DC36283D54B1FA ) | |
| 29399EAEC2A8,F1F946C2054A0F885AC01 ) | |
| FB07A935F4F238DD391 and Does 1-1,341 ) | |
| ) | |
| Defendant ) | |

## JOHN DOE #1159'S REPLY TO PLAINTIFF'S OPPOSITION

### I. Introduction

Justice delayed is justice denied. Plaintiff herein included 1341 unrelated individuals from all over the United States in this suit and admitted that approximately *seven* of them are Louisiana residents subject to the personal jurisdiction of this court. Plaintiff makes no attempt to show that this court's exercise of personal jurisdiction over out of state defendants is proper and likewise makes very little attempt to show that the joinder of 1341 unrelated individuals is proper. Instead, Plaintiff asks this court to close its eyes to obvious (admitted) facts, and instead postpone dismissing individuals that are improperly joined or are not subject to this court's jurisdiction until Plaintiff has achieved the end of this mass suit – obtaining the identities of individual ISP subscribers. As Judge Beeler in the Northern District of California has noted in the context of mass BitTorrent suits,

> "[Plaintiff's] litigation strategy also effectively precludes consideration of joinder issues at a later point in the proceedings. By not naming or serving a single defendant, [Plaintiff] ensures that this case will not progress beyond its infant stages and therefore, the court will never have the opportunity to evaluate joinder...Consequently, the court's decision to address joinder at this point is critical to ensuring compliance with the Federal Rules of Civil Procedure."

*MCGIP, LLC v. Does 1-149,* No. C 11-02331-LB (N.D. Cal. Sept. 16, 2011)(Order Denying Plaintiff's Motion to File Amended Complaint).

John Doe #1159 respectfully requests that this court address the problems of misjoinder and lack of personal jurisdiction at the outset, as this is indeed critical to ensuring compliance with the Federal Rules.

## II. Argument

1. <u>Plaintiff Has Not Established That Personal Jurisdiction is Appropriate</u>

"When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant." *Mink v. AAAA Development, LLC,* 190 F.3d 333, 335 (5th Cir. 1999); See also *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1995). Moreover, "a court is not required to blind itself to the purpose for which a party seeks information." *Oppenheimer Fund, Inc. v. Sanders* 437 U.S. 340, 353 (1978). "When the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." *Id.* In accordance with the foregoing authorities, if Plaintiff cannot establish that personal jurisdiction over the Doe defendants is appropriate then the discovery sought herein is clearly for "use in proceedings other than the pending suit," and the requested discovery rejected. The 'good cause' standard for early discovery likewise requires that Plaintiff's allegations be sufficient to survive a motion to dismiss.

Plaintiff herein has not alleged any facts to support personal jurisdiction over Movant, or the vast majority of Does in this suit. In fact, they do the opposite. Plaintiff admits that only seven of the Does in this suit reside in Louisiana, and offers no support for the proposition that personal jurisdiction over the remainder is appropriate. Instead, Plaintiff requests that this court ignore the obvious, because it is "premature" to consider whether personal jurisdiction over the defendants is proper. However, as noted above, Plaintiff bears the burden of establishing that jurisdiction over the defendants is proper at the outset. Indeed, it makes little sense to postpone consideration of an issue that will lead to the dismissal of 99.5% of the defendants in this matter. Neither the interests of justice nor the interests of judicial efficiency support willful blindness in this situation. The only interest that might be served is Plaintiff's interest in obtaining the largest

number of subscriber names at the lowest cost to Plaintiff and the highest inconvenience to defendants. The number of PHV applications already on file in this suit highlight this inconvenience, as in each case a defendant is forced to retain additional attorneys and incur additional costs to protect its rights in this distant forum. Lack of personal jurisdiction is a fatal flaw, and one that cannot be cured. Despite Plaintiff's wishes, there is simply no reason to postpone decision on this fundamental issue.

2. <u>Plaintiff Has Not Established That Joinder Is Appropriate</u>

John Doe #1159 addressed the issue of joinder at length in his original motion, and will not re-hash the same arguments, correct though they may be. Plaintiff has done nothing to undermine the original arguments and again urges this court to forego consideration of an issue that will kill its case until after it has already gotten what it wants. The instant reply will thus be limited to addressing a few key points from Plaintiff's consolidated Opposition and highlighting several recent case where various district court's have rejected joinder in the BitTorrent context.

First, Plaintiff cites to a number of unpersuasive or inapplicable authorities in support of its joinder argument. For example, Plaintiff cites to a host of decisions from 2011 in the District of Maryland supporting joinder (Doc. 147, pg. 14 at FN7). Plaintiff fails to inform the court, however, that one of these decisions, *Third Degree Films, Inc. v. Does 1-118,* was recently <u>severed due to misjoinder</u>. Indeed, Chief Judge Chasanow disavowed her prior position, stating that

> "the practical reality of these types of cases —which, as noted, have proliferated across the country — is that almost all end in settlement and few, if any, are resolved on their merits. *See SBO Pictures, Inc.*, 2011 WL 6002620, at *4. Against this backdrop, the risk of extortionate settlements is too great to ignore, especially when joinder is being used to that end... In sum, the purpose of Rule 20 is not fulfilled by joining all Doe Defendants in a single proceeding. Instead, the experience of this court has proven that the countervailing concerns of "prejudice, expense, or delay," *see Aleman*, 485 F.3d at 218 n.5, substantially outweigh any convenience that was originally anticipated. Joinder is thus improper."

*Third Degree Films, Inc. v. Does 1-108,* 8:11-cv-03007-DKC (D. Md. Apr. 27, 2012). In light of this well-advised reconsideration, it seems that the instant court should place very little weight

on Plaintiff's string of cites to 2011 cases in the District of Maryland purporting to support a joinder theory that the district no longer seems to embrace.

Second, Plaintiff's opposition consistently conflates the interests of judicial efficiency and its own interest in efficiently harvesting the largest number of subscriber IDs as possible. Plaintiff argues that it is somehow efficient for this court to consider motions by dozens of individuals that have no relationship to this forum or each other, in order to eventually parse through claims related to seven individuals from Louisiana. Plaintiff is essentially arguing that the interests of efficiency are promoted by allowing them to join the largest number of unrelated individuals as possible, without regard for personal jurisdiction, because this allows the court to efficiently consider the motions of all misjoined individuals over whom the court lacks jurisdiction.

Plaintiff argues that if they are forced to litigate their claims individually, as the Federal Rules require in these situation, they would be effectively foreclosed from protecting their intellectual property. This argument is amazing, and yields substantial insight into the weakness of Plaintiff's claims. The Copyright Act authorizes statutory damages under many circumstances of between $750 and $150,000, plus costs of suit and attorney fees. If Plaintiff had any faith in the substance of its claims or their ability to ultimately prove *anything*, a $350 recoverable filing fee would not be "cost prohibitive to Plaintiff, or indeed to any copyright holder." (Doc. 147 at 1). Moreover, Plaintiff appears unconcerned by the fact that the filing fees that it complains of rightly belong to this court, and again conflates its own interests in litigation economics with this court's interest in judicial efficiency.

As Judge McMahon in the Southern District of New York recently stated in this context, "The only economy that litigating these cases as a single action would achieve is an economy to plaintiff- the economy of not having to pay a separate filing fee for each action brought. However, the desire to avoid paying statutorily mandated filing fees affords no basis for joinder." *Digital Sin, Inc. v. Does 1-245,* 1:11-cv-08170-CM Memorandum Decision and Order Severing Does 2-245...)(Doc. 18, pg. 4) (S.D.N.Y. May 15, 2012).

Finally, Movant wishes to draw this court's attention to a few additional decisions rejecting mass joinder in the BitTorrent context, all of which were released in the days since John Doe #1159's original motion on May 3rd.

- *Malibu Media v. Does 1-10,* 2:12-cv-03623 (C.D. Cal. June 27, 2012)(Doc. 7)(Does 2-10 severed due to misjoinder);
- *Smash Pictures v. Does 1-265,* 2:12-cv-00301 (E.D. Cal. June 14, 2012)(Doc. 18.)(Recommending Does 2-265 severed due to misjoinder);
- *Smash Pictures v. Does 1-590,* 2:12-cv-00302 (E.D. Cal. June 14, 2012)(Doc. 18.)(Recommending Does 2-590 severed due to misjoinder);
- *Digital Sins, Inc. v. John Does 1-245,* 1:11-cv-08170 (S.D.N.Y. May 15, 2012)(Doc. 18)(Memorandum Decision and Order Severing John Does 2-245 and Dismissing the Cases Against John Does 2-245 Pending The Payment of the Requisite Filing Fee);
- *Metro Media Entertainment, LLC v. Does 1-47,* 8:12-cv-00347 (D. Md. May 7, 2012)(Doc. 17)(Severing Does 2-47).

### III.  Conclusion

Plaintiff herein included 1341 from all over the country in this suit, without regard to the Federal Rules governing joinder or its obligation to establish personal jurisdiction over the defendants.  Plaintiff does not even attempt to support this court's exercise of personal jurisdiction over the Movant, or the vast majority of putative Does.  Instead, Plaintiff urges this court to forego consideration of this issue, at least until Plaintiff has accomplished the sole end of this suit – harvesting massive numbers of ISP subscriber IDs.  Movant urges this court to address the issue head-on, and dismiss all Does over whom this court cannot exercise jurisdiction.

In addition, Plaintiff's joinder of thousands of unrelated individuals, based solely on the allegation that they downloaded the same work in the same manner, does not comport with the federal rules governing joinder.  Plaintiff again urges this court to forego consideration of the issue until it has achieved its ends, in the interest of "judicial efficiency."

For the reasons outlined above, Movant respectfully request that this Court quash the instant subpoena, dismiss Movant due to lack of personal jurisdiction, and sever Does 2-1341 as misjoined.

Respectfully Submitted,

__s/Nicholas Ranallo_____  
Nicholas Ranallo, Attorney at Law  
California Bar # 275016  
371 Dogwood Way,  
Boulder Creek, CA 95006  
(831) 703-4011  
Fax: (831) 533-5073  
nick@ranallolawoffice.com  

Counsel for Doe #1159  

*Admitted PHV*

____s/Carlos A. Zelaya_____  
Carlos A. Zelaya II (#22900)  
Mumphrey Law Firm, LLC  
330 Oak Harbor Blvd., Suite D  
Slidell, LA 70458  
(985) 649-0709  
Fax: (985) 649-5706  
czelaya@mumphreylaw.com  

*Local Counsel for John Doe #1159*

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that on this 6th day of July a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/         Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law