# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| 4: Twenty Media Inc., <br><br> Plaintiffs, <br> v. <br><br> SWARM SHARING HASH FILES 6D59B29B0E51E9B5B4C0F9192CE99ED5EC5457E8, 6FC0F9C7FQ41DC36283D54B1FA29E993EA3EC2A8, F1F946C2054A0F885AC01FB07A935F4F238DD391; AND DOES 1-1,341, <br><br> Defendants | No. 6:12-CV-00031-RFD-CMH <br><br> John Doe with IP address 75.172.93.136 Reply Brief in Support of Motion to Quash Subpoena |

## Introductory Remarks

This reply brief is in accordance with this court's rulings in this case.

This court has on three occasions ruled that all of the motions to quash filed in this case shall be consolidated into one motion. See docket #19, filed 04/03/12, docket # 25 filed 04/05/12, and docket # 51 filed 4/28/12.

John Doe with IP address 75.172.93.136 filed a Motion to Quash Subpoena on May 15, 2012, docket #94. Plaintiff 4: Twenty Media Inc. filed a Response on June 21, 2012, docket #147 and 148.

This court authorized defendants to file reply briefs. See the Court's order, docket #25 ("IT IS FURTHER ORDERED that any John Doe who has filed a motion to quash, motion for protective

John Doe with IP address 75.172.93.136
Reply Brief in Support of Motion to Quash - Page 1

order, motion to dismiss, or similarly styled motion seeking similar relief, if they so choose, can file a reply by July 6, 2012.").

## I. Relief Requested

Defendant John Doe with IP address 75.172.93.136 requests any and all of the following relief:

- The Court should allow each John Doe individual to proceed anonymously.
- The Complaint should be dismissed for lack of Venue for this Defendant and any other Defendant that does not reside in Louisiana.
- The Complaint should be dismissed for lack of Jurisdiction for this Defendant and any other Defendant that does not have ties to Louisiana.
- This case should be severed and all but the first John Doe Defendant should be dismissed for improper Joinder.
- A Protective Order should be issued preventing the Plaintiff from obtaining personal information about the Defendant.
- This case should be severed and all but the first John Doe Defendant should be dismissed for failure to pay the proper filing fees.

## II. Statement of Facts

The facts are well set out in the Plaintiff's Complaint, Docket # 1, filed 01/10/12, and Motions to Dismiss, docket # 17 filed 03/22/12, docket # 37, filed 04/23/12, and docket # 45, filed 04/23/12, along with the Declarations of John Doe with IP address 75.172.93.136 and Gary Marshall which accompany this Defendant's Motion to Quash.

## III. Statement of Issues

**1. Plaintiff 4: Twenty Media Inc has adequate alternative remedies**

**2. This case should be severed and all but the first John Doe Defendant should be dismissed for failure to pay the proper filing fees**

**3. ISP contracts are irrelevant**

**4. John Doe's Declaration should not be stricken**

## IV. Evidence Relied Upon

This Motion is based upon the Plaintiff's complaint, Docket # 1 filed 01/10/12, John Doe with IP address 75.172.93.136 Motion to Squash Subpoena filed 5/15/12, docket #94, other Motions to Squash, including docket # 17 filed 03/22/12, docket # 37, filed 04/23/12, and docket # 45, filed 04/23/12, along with the Declarations of John Doe with IP address 75.172.93.136 and Gary Marshall, and the Defendant's Request to Take Judicial Notice, which accompanied John Doe's Motion to Quash, docket numbers 95, 96 and 97 respectively.

## V. Authority

Many of the legal arguments raised by Plaintiff 4: Twenty Media Inc in its response have been adequately addressed in various defendants' motions, and will not be repeated here.

**1. Plaintiff 4: Twenty Media Inc has adequate alternative remedies**

Plaintiff asserts that a mass lawsuit against thousands of John Doe Defendants is the only way to redress its legal grievances. This is simply not true. Plaintiff has not advanced any reason why it could not sue each Defendant individually. As set out in John Doe with IP address 75.172.93.136's Motion to Quash, it is very easy to determine the geographic location of the various Defendants. If Plaintiff were really interested in protecting its legal rights, a series of individual lawsuits would be sufficient. Congress has provided adequate remedies for copyright infringement plaintiffs. Under

federal copyright law, Plaintiff is entitled to both statutory damages up to $150,000 per infringement and its attorneys fees and costs. Because Plaintiff can recover attorneys fees, there is no additional burden to plaintiff from the added cost of filing additional lawsuits.

Plaintiff asserts judicial efficiency as justification for one massive lawsuit, stating the example:

> If this action were spread over 1341 different actions (as it appears Movants propose), such efficiencies could not be achieved. (Plaintiff Response Brief, docket # 147, at page 17.)

Plaintiff fails to realize that if it had filed separate lawsuits against each defendant where each defendant resided, there would be little or no justification for the various motions to quash and this issue would have simply gone away.

The real reason that Plaintiff has attempted one massive lawsuit is essentially admitted by the Plaintiff in its response brief. Plaintiff states that "The majority of Defendant Does in this action have already been identified by their Internet Service Providers. (ISPs)." Plaintiff Response Brief, docket # 147, at page 9. Plaintiff further admits that 758 defendants (1,341 original defendants minus the 583 defendants remaining) have been voluntarily dismissed from this lawsuit. Id. at 7. Plaintiff does not say why these Defendants' have been dismissed. It is reasonable to assume that some of them could not be identified. The only reason to dismiss the rest is if they settled their cases with the Plaintiff. Plaintiff is demanding $3,500 payment from each defendant to settle this case. (Exhibit D to the Declaration of Gary Marshall, docket #96-4.) Although Defendants are not privy to such information, it is reasonable to assume that 80% of the dismissed defendants have settled. That represents an income stream to the Plaintiff of over 2.1 million dollars. That dollar amount speaks for itself as to why the Plaintiff is pursuing one mass lawsuit, instead of individual lawsuits.

**2. This case should be severed and all but the first John Doe Defendant should be dismissed for failure to pay the proper filing fees**

1 In its motion to quash, Defendant John Doe with IP address 75.172.93.136 asserted that this case should be severed and all but the first John Doe Defendant should be dismissed for failure to pay the proper filing fees. Defendant cited to a case where the court had adopted this argument. (See Magistrate Ruling, In Re Bit Torrent Adult Film Copyright Infringement Cases, Order and Recommendation, Case 2:11-cv-03995-DRH-GRB, Docket # 39, a copy of which is attached to the Request for Judicial Notice, Docket #97 as Docket #97-1 - Exhibit A., pages 21-23)

Plaintiff failed to address this argument at all in its response brief. Instead Plaintiff offered evidence that strengthens Defendant's argument.

A reasonable inference from the Plaintiff's response brief is that it has received over 2.1 million dollars in settlements to date (see above). Plaintiff also admits that it has circumvented payment of over $500,000 in filing fees: "For Example, if Movant's proposal was adopted, the filing fees alone for this film would cost nearly $500,000, " (Plaintiff's Response Brief, docket # 147 at pages 7-8. )

For this reason alone, Plaintiff's complaint should be dismissed and all settlement amounts already paid should be returned to the Defendants.

**3. ISP contracts are irrelevant**

Plaintiff asserts that Defendants may be in violation of their agreements with their ISP's, and that this fact may further Plaintiff's arguments. Plaintiff Response Brief, docket # 147, at page 19. Even if it were true that Defendants were in violation of their agreements with their ISP's, it would have no bearing on the issues presently before this Court. Contracts between defendants and third parties are irrelevant to this lawsuit.

**4. John Doe's Declaration should not be stricken**

Plaintiff 4: Twenty Media requests that this court strike Defendant John Doe with IP address 75.172.93.136's declaration (Docket # 95) because it was submitted anonymously. (Plaintiff's Objections to Declarations, Docket # 148.) Plaintiff's legal arguments are misplaced.

First the motion is untimely. This Court ruled in docket #19, filed 04/03/12, docket # 25 filed 04/05/12, and docket # 51 filed 4/28/12 that John Doe defendants may proceed anonymously at least until the motions to quash have been heard. The proper remedy for the Plaintiff would have been to file a motion for reconsideration to these rulings. Since the time period for filing a motion for reconsideration is long passed, these rulings stand.

Second, Plaintiff questions the reliability of John Doe with IP address 75.172.93.136's declaration because it is not signed by an individual. That is not true. The declaration contains an electronic signature of the individual. The individual is using the pseudonym John Doe, but that does not make it any less a signed declaration. Furthermore, the declaration is submitted in support of a motion that is signed by an attorney licensed to practice in this court. Attorneys can not and do not submit testimony that they know to be false. The signature of an attorney on the motion to quash is also sufficient verification of the validity of the declaration.

Third, Plaintiff implies that the declaration should be stricken because there is no opportunity for cross-examination. But there is no cross-examination in a motions argument. This objection is irrelevant to the issues at hand.

Fourth, Plaintiff objects to one statement as hearsay. This statement goes to the Defendant's state of mind and is therefore not hearsay. The Defendant is simply stating that he believes that neither he nor anyone else in his household downloaded the movie at issue in this case. The Plaintiff is trying

to discovery the identify of the Defendant, not his wife. The fact that the Defendant has no knowledge of any allegedly infringing activity in Louisiana or elsewhere is directly relevant to the issue of whether a subpoena should be allowed to stand.

## VI. Conclusion

For the reasons stated above, Plaintiff's Subpoena to Defendant John Doe with IP address 75.172.93.136 should be quashed and he should be dismissed from this case.

Dated this 6th day of July, 2012

                                            Koeppel Traylor

                                            By:  _/S/  W. Scarth Clark_
                                            Local Counsel for John Doe with
                                            IP address 75.172.93.136
                                            W. Scarth Clark, Esq.
                                            Bar #22993
                                            Koeppel Traylor LLC
                                            2030 St. Charles Ave.
                                            New Orleans, LA 70130
                                            (504) 598-1000
                                            Fax: (540) 524-1024
                                            sclark@koeppeltraylor.com

                                            Law Offices of Gary Marshall

                                            By:  _/S/  Gary K. Marshall_
                                            Gary K. Marshall
                                            WSBA # 15344
                                            pro hac vice
                                            Law Offices of Gary Marshall
                                            9706 4th Ave . NE, Suite 320
                                            Seattle, WA 98115
                                            gmarshall@marshallcomputer.com

                                            Attorneys for John Doe with
                                            IP address 75.172.93.136

CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2012 I electronically filed the attached document with the Clerk of the Court using the CM/ECF electronic filing system, which provides notice to all counsel and parties of record herein.

   /S/  Gary K. Marshall
Gary K. Marshall, WSBA # 15344, pro hac vice

John Doe with IP address 75.172.93.136
Reply Brief in Support of Motion to Quash - Page 8